[No. 20367. Department Two. March 9, 1927.]

W. W. WILKINS, *Respondent*, v. CLARA F. KNOX, *Appellant.*[1]

[1] EVIDENCE (47)—COMPETENCY—VALUE OF SERVICES. In a suit for wages as a janitor in a rooming house, the plaintiff may testify as to the reasonable monthly value of his services, where it appears that he had been employed as a janitor in public buildings and in the post office in the same city.

[2] SAME (185, 189) — OPINION EVIDENCE — SPECIAL KNOWLEDGE OF SUBJECT—VALUE OF SERVICES. In a suit for wages as a janitor in a rooming house, it is discretionary to receive in evidence, on the question of the reasonable monthly wages for such services, the opinion of two witnesses who had had experience in employing janitors and other help in hotels or rooming houses in the same city.

[3] APPEAL (449)—REVIEW—HARMLESS ERROR—ADMISSION OF EVIDENCE—PREJUDICIAL EFFECT. Prejudicial error cannot be assigned upon cross-examination and rebuttal evidence upon a defense, brought into the case by appellant, which did not lessen the favorable effect of such defense.

[1]Reported in 253 Pac. 797.

[4] TRIAL (101)—INSTRUCTIONS—REQUESTS—ALREADY GIVEN. It is not error to refuse requested instructions fairly and sufficiently covered in the general charges.

[5] APPEAL (490)— DECISION — PERMITTING REMISSION OF EXCESS. Where, in an action for wages, the jury failed to allow any credit for admitted payments the exact amount of which was not and cannot be determined, a new trial will be granted unless a substantial remission of the amount is agreed to.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered June 28, 1926, upon the verdict of a jury in favor of the plaintiff, in an action for wages. Affirmed on condition, and reversed unless excess. remitted. Costs to appellant.

*Troy & Yantis* and *Thos. L. O'Leary,* for appellant.

*Vance & Christensen,* for respondent.

PARKER, J.—The plaintiff, Wilkins, commenced this action in the superior court for Thurston county seeking recovery of a claimed balance due him from the defendant, Mrs. Knox, for services rendered by him as her employee in and about her hotel and apartment house in Olympia from May 1, 1913, to February 1, 1926. A trial upon the merits in that court sitting with a jury resulted in verdict and judgment awarding to the plaintiff recovery in the sum of $3,760, from which the defendant has appealed to this court.

On May 1, 1913, and for several years prior thereto, appellant owned and operated a hotel and apartment house in Olympia, consisting of fifteen rooms and four apartments, maintaining a dining room as a part of the business. In 1916, appellant enlarged the building to twenty-nine rooms and a few additional apartments. In 1924, appellant discontinued the dining room and constructed apartments in the space theretofore so used, so that she thereafter had twenty-nine rooms and fifteen apartments. The plaintiff was employed by the

defendant on May 1, 1913, as a janitor and general all-
round workman about the hotel; in pursuance of which
employment he performed janitor work, carpentering,
plumbing, painting, etc., continuously thereafter until
February, 1926, with the exception of some periods of
absence, which may well be characterized as vacation
periods of absence by consent of appellant, covering a
total period of not exceeding four months during the
entire period from May, 1913, to February, 1926. At
the time of the commencement of this employment, an
oral contract was entered into by respondent with ap-
pellant by which he was to perform such services, for
which she was to pay him the usual going wages. At
that time she had some pressing financial burdens,
principally consisting of indebtedness against the hotel
building which she was particularly desirous of dis-
charging as early as possible, in view of which it was
agreed between them that she would not pay him any
stated amount until such burdens were substantially
lessened and the business put upon a more secure basis,
except that she might pay him sums from time to time
as she might feel able to do; he then having some money
saved from former employment and his expenditures
calling for but little outlay of money, she furnishing
him sleeping quarters and his meals.

From May 1, 1913, to May 1, 1915, respondent's em-
ployment was exclusively in and about the hotel. His
work was not strenuous during this period, but it called
for being on duty from very early in the mornings to
rather late in the evenings. The jury, by special find-
ing, awarded him seven hundred twenty dollars for his
services during this two-year period, evidently upon
the theory that such services were reasonably worth
thirty dollars per month, in addition to his sleeping
quarters and meals. From May 1, 1915, to September

1, 1917, the plaintiff rendered services of the same general nature, but somewhat more strenuous because of the increase in the size of the hotel and the business generally, though during that period he, at the request of defendant, also assisted her son in delivering mail on a small rural star route, for which he had the contract with the United States. This mail service occupied a portion of the afternoon of each day for some considerable portion of that sixteen-months' period. The jury, by a special finding, awarded respondent six hundred eighty dollars for that period, apparently upon the theory that his services then rendered in and about the hotel for appellant were reasonably worth $42.50 per month, in addition to his sleeping quarters and meals.

The jury was expressly instructed not to award him any compensation against appellant for this mail service rendered to her son. From September 1, 1917, to May 1, 1920, respondent rendered continuously for the defendant services of substantially the same character as theretofore, but less in quantity because he was then employed during a large part of each day at the postoffice doing janitor work, continuing, however, to live at the hotel. The jury, by a special finding, awarded him for services rendered during that period only his sleeping quarters and meals, which were furnished by the defendant as during the previously mentioned periods.

From May 1, 1920, to February 1, 1926, the plaintiff rendered services to the defendant continuously and exclusively substantially of the same nature as rendered by him during the previous periods, but somewhat greater in quantity. The jury, by a special finding, awarded him compensation for this sixty-nine-months' period in the sum of $4,140, apparently upon the theory that such services were reasonably worth sixty dollars per month, in addition to his

sleeping quarters and board; seemingly also taking into consideration the general increase in wages following the World War.

Prior to 1920, the varying amounts somewhat irregularly paid by appellant to respondent were comparatively small, but were manifestly of a substantial character in the aggregate during that seven-year period. Neither appellant nor respondent kept written account of such payments during that period. Thereafter appellant did keep account of payments paid by her to him, which accounts were read from in evidence upon the trial, showing somewhat irregular payments as to times and amounts made to him during the subsequent years, as follows: $135 paid in 1920; $220 paid in 1921; $177 paid in 1922; $265 paid in 1923; $437 paid in 1924; $490 paid in 1925, and $50 paid in January, 1926. Manifestly, because of these payments, the jury awarded to appellant a total credit of $1,780. This credit is $6 more than the total of those payments, a difference so small that it may be ignored for present purposes. Deducting this credit of $1,780 from the total gross award made by the jury of $5,540, the final net award of $3,760 was arrived at by the jury.

A few months prior to February 1, 1926, when respondent ceased to work for appellant, he sought an accounting from her and payment of whatever balance might be so found due to him. This was followed by several such efforts on his behalf which she refused to accede to, seemingly because, as she claimed, there had never been made any contract of employment between them such as he insisted upon as having been made in 1913; she insisting that, in any event, he had been paid all that she owed him under any possible implied contract of employment. The plaintiff was absent from his employment here in question during a number of

different periods, some a few days each and some a few weeks each, but in all not exceeding four months during the whole period from 1913 to 1926; such periods evidently being, however, only in the nature of vacations from his employment with no intent on the part of either the defendant or himself to terminate his employment by such periods of absence. While the evidence in many particulars is in serious conflict, the evidence being voluminous and the contest strenuously waged, we think the jurors were warranted in believing, and evidently did believe, the principal outstanding facts of the case to be substantially as above summarized.

Contention is made in behalf of appellant that the trial court erred in denying her counsel's challenge to the sufficiency of the evidence to support any recovery against her. In response to this contention we deem it sufficient to say that a careful reading of all of the evidence convinces us that the trial court was right in refusing to take the case from the jury and decide as a matter of law that respondent was not entitled to any recovery.

[1] It is contended that the trial court erred to the prejudice of appellant in permitting respondent to testify, over objection of appellant's counsel, as to the reasonable value of his services, particularly as to the reasonable monthly wage for such services. It appears by his testimony that he had been employed by the state as a janitor in one of its public buildings in Olympia, and also had been employed as a janitor at the Olympia postoffice. It seems plain to us that he was thus shown to be sufficiently qualified to testify as to the reasonable value of his services rendered to appellant; clearly, we think, so qualified to the extent that we cannot say that the trial court abused its discretion in permitting him to so testify.

[2]   It is contended that the trial court erred to the prejudice of appellant in permitting two witnesses to testify, over objection of her counsel, as to the reasonable monthly wages for such services as were rendered by respondent. It is insisted that these witnesses were not qualified to give such opinion evidence. Each had considerable experience in employing janitor and other help, one in operating a hotel in Olympia and the other in operating two apartment houses in Olympia. Their testimony seems ample to qualify them to testify as to the respective reasonable values of general janitor work in such places. The principal objection to their testimony seems to be as to the reasonable value of such services as respondent rendered, in response to hypothetical questions purporting to describe the services rendered by him, upon the theory that such hypothetical questions were not justified by the evidence in the case, and also that his services were in fact not like the hotel and apartment house janitor services, the value of which the witnesses were acquainted with. There is fair room for argument both in support of and against this contention, as there so often is when the admissibility of opinion evidence is drawn in question. Whether such testimony shall be received or excluded is a matter of sound judicial discretion, the exercise of which will not be disturbed by an appellate court except for a very plain abuse thereof, as has been a number of times held by this court in common with the view prevailing generally elsewhere in the United States. *Traver v. Spokane Street Railway Company,* 25 Wash. 225, 65 Pac. 284; *Czarecki v. Seattle & S. F. R. & Nav. Co.,* 30 Wash. 288, 70 Pac. 750; *Chung v. Fong Co.,* 130 Wash. 154, 226 Pac. 726. We conclude that there was no prejudicial error in receiving the testimony of these witnesses.

[3]   Contention is made that the trial court erred to

the prejudice of appellant in receiving, over objection of counsel for appellant, certain cross-examination and rebuttal testimony touching services rendered by respondent to appellant's son upon his mail route. This subject was first brought into the case by counsel for appellant, evidently to show appellant's absence from his duties at the hotel for a portion of each day during the period he assisted appellant's son on his mail route. This cross-examination and rebuttal testimony plainly did not lessen such favorable effect upon appellant's case, and we have seen that the jury was plainly instructed by the court that respondent was not entitled to any compensation from appellant for that service so rendered to her son. We see no prejudicial error in these rulings of the court.

[4] Contention is made that the trial court erred to the prejudice of appellant in refusing to give to the jury certain instructions requested by her counsel. We think it sufficient to say that we regard the instructions given by the court to the jury as fairly and sufficiently covering the subject-matter of these requested instructions, and therefore see no prejudicial error in the action of the court so complained of.

[5] Contention is made in behalf of the appellant that the verdict of the jury, in view of its large award and the evidence in the case, shows passion and prejudice on the part of the jury such as to entitle her to a new trial. The findings of the jury as to the reasonable value of the whole of respondent's services to appellant does seem to us somewhat excessive, but we think not so clearly excessive as to warrant our interference with those findings of the jury. There were, however, payments made by appellant to respondent during the first seven years of his employment, for which the jury plainly have wholly failed to give appellant credit. As to the aggregate of the amounts paid to him by her dur-

ing that period, the evidence, it must be conceded, is
not at all satisfactory, there being no accounts pro-
duced with reference thereto and the memory of both
appellant and respondent being deficient by reason of
lapse of time as to the aggregate of such payments; but
that she, during that period, paid him substantial sums
from time to time is plain. He says the aggregate of
those sums was not more than $150. She says, refer-
ring to that seven-year period,

"I have given him lots of money, but never kept any
record of it, because he was not on the payroll."

We have noticed that, during the year 1920 ap-
pellant paid respondent sums aggregating $135, that
being the first year of her keeping account of pay-
ments made to him. The jury, as we have noticed,
allowed appellant credit for that amount and sub-
sequent payments, aggregating $1,780, but manifestly
allowing appellant no credit for payments made by
her during the seven years prior to 1920. While
we do not pretend to determine any amount for which
appellant is entitled to credit by reason of payments
made during the seven years prior to 1920, we feel,
under all the circumstances, justified in awarding her
a new trial, unless respondent will remit $760 from
the total of the net award made to him by the verdict
and judgment. This would be allowing appellant an
annual credit less than that paid by her to him during
the year 1920 when she first began to keep account of
such payments. We are not determining that appellant
is entitled to an additional credit of $760, but only that,
if respondent will consent to such additional credit and
to such deduction from the award of the verdict and
judgment, appellant shall not have a new trial, other-
wise she shall have a new trial.

We conclude that appellant has had a fair trial,
except as to the failure of the jury to give her credit

and charge respondent in some substantial measure with sums paid to him during the seven year period prior to 1920. The judgment is affirmed upon condition that respondent consent to a reduction of the $3,760 verdict and judgment in the sum of $760; that is, consent to the judgment against appellant as for $3,000, with interest thereon from June 28, 1926, the date of its entry. Respondent failing to so consent, and make his consent of record in the superior court within thirty days after the going down of the remittitur from this court, the superior court shall award appellant a new trial. Appellant shall be awarded her costs and disbursements incurred in prosecuting her appeal to this court.

MACKINTOSH, C. J., TOLMAN, BRIDGES, and ASKREN, JJ., concur.