[No. 23530.   Department One.   April 26, 1932.]

STANDARD OIL COMPANY OF CALIFORNIA, *Appellant,* v.
C. WALDO GRENFELL *et al., Respondents.*[1]

[1]Reported in 10 P. (2d) 573.

*Dey, Hampson & Nelson* and *Atwell & Moore,* for appellant.

*Fisk & McCarthy,* for respondents.

HERMAN, J.—Plaintiff, Standard Oil Company of California, brought suit against defendants for $667.29, the balance due on account of products purchased by defendants from plaintiff. Defendants filed an answer and cross-complaint, wherein they alleged that plaintiff had wrongfully refused to sell and deliver gasoline to defendants; that plaintiff had maliciously and falsely represented to the other oil companies selling gasoline in that territory that plaintiff had a lease upon defendants' premises; that those other oil companies, in accordance with a common agreement or understanding between themselves and the plaintiff, refrained from selling gasoline to defendants, and that defendants were unable to purchase gasoline for resale by their service station and were thereby damaged in the sum of ten thousand dollars.

The matter came on for trial, and the jury brought in a verdict for defendants. Judgment upon the verdict was entered for defendants in the sum of $1,142.71. From that judgment, plaintiff appeals.

Appellant makes twenty-seven assignments of error. The first two are based upon the theory that the evidence introduced by respondents is not sufficient to justify the jury's verdict. With this we cannot agree. There was ample testimony introduced to warrant the jury in believing that appellant was a member of the American Petroleum Institute, and there was an abundance of evidence from which the jury could well find that one of the purposes of the American Petroleum Institute was, in the event that any member of the Institute claimed to have a lease with an independ-

ent service station operator, to reduce such operator to a condition of business peonage by having the other members refuse to sell him gasoline.

There was convincing testimony that the purported agreement between appellant and respondents giving appellant the right to fix prices at which respondents sold appellant's products, which agreement appellant claims supplanted the original lease and sub-lease agreement, was never signed and accepted by appellant until after appellant, because of an alleged breach of that agreement, had refused to deliver gasoline to respondents. There was evidence to show that appellant and respondents never conducted their business upon the basis set forth in the alleged subsequent agreement, and that such agreement was never actually entered into, not having been signed by appellant until after its refusal to deliver gasoline to respondents, appellant's signature being then a mere act of signing for the purpose of using the document in a contemplated law suit and not an indication of the meeting of the minds of appellant and respondents. There was proof of wrongful injury by appellant, resulting in damages to respondents. The cause was properly submitted to the jury.

The fourth assignment of error by appellant is: "In receiving and rejecting testimony." Undoubtedly, this general assignment of error relates to the rulings of the trial court with reference to those rulings on evidence which constitute the basis for appellant's assignment of error numbered 5 to 16.

■■ Assignment of error No. 5 is that the court erred "in receiving the testimony of Harry Berg and allowing the introduction of exhibits 'E' and 'F'." Exhibit "E" contains the profit and loss statement of respondents' business concerning the sale of gasoline,

oil and petroleum products. Exhibit "F" sets forth the amount of respondents' credit card business. Harry Berg was respondents' bookkeeper. The trial court was correct in admitting the testimony and exhibits referred to in this particular assignment of error, as such evidence was material to prove issues tendered by the pleadings.

Assignments of error numbered 6 to 13 will be discussed together. They are that the trial court erred:

"(6) In refusing to strike the testimony of Dave Adams because not proper evidence of damages.

"(7) In refusing to strike the testimony of Walter E. Knapp, because not proper evidence of damages.

"(8) In refusing to strike the testimony of J. W. Torrence, because not proper evidence of damages.

"(9) In refusing to strike the testimony of Jess Holmes, because not proper evidence of damages.

"(10) In refusing to strike the testimony of George Goodrich, because not proper evidence of damages.

"(11) In refusing to strike the testimony of Herbert Schmale, because not proper evidence of damages.

"(12) In refusing to strike the testimony of F. M. Lee, because not proper evidence of damages.

"(13) In refusing to strike the testimony of Clarence Fundingson, because not proper evidence of damages."

Appellant, by appropriate motions, sought to strike from the record the testimony of the foregoing witnesses for the reasons that their testimony showed no pecuniary loss by respondents; that there was no showing of how much gasoline they had bought; and that their evidence showed nothing upon which the jury could assess damages.

The substance of the testimony given by each of these witnesses was that, after such time as respondents were unable to procure gasoline from the companies operating in respondents' territory which were

members of the American Petroleum Institute, the various witnesses ceased to buy gasoline from respondents because of the inferior quality of the gasoline sold by respondents. This testimony by the foregoing witnesses was relevant as tending to prove a general loss of trade resulting in respondents' damage by reason of the refusal of appellant and its associates of the American Petroleum Institute to furnish gasoline because of appellant's wrongful claim that it had a lease with respondents.

The fourteenth assignment of error alleges the trial court was wrong "in refusing to allow to be brought out by cross-examination the directions Mr. Grenfell received from the Standard Oil Company as to the retail price of gasoline." Under the issues as framed by the pleadings, such evidence concerning the directions received by Mr. Grenfell as appellant sought to elicit by cross-examination was not proper.

The fifteenth assignment of error relates to an alleged mistake on the part of the trial court "in refusing to allow the offer of proof as to the policy of the Standard Oil Company as to 'price cutters' by Mr. Bussey." The trial court properly refused to accept such testimony. The rights of the parties to this cause are not subject "to the policy of the Standard Oil Company." The issues present no question which would render material the testimony referred to in the offer of proof.

The sixteenth assignment of error calls attention to the refusal of the trial court to allow the testimony of Arthur Bloch, giving an analysis of the profit and loss statements. Counsel for respondents objected on the ground that the figures in the statements spoke for themselves. The court sustained the objection. This was not error.

"The receipt of opinion evidence, and the extent to which it will be received in any particular case, are matters resting largely in the administrative discretion of the court." 22 C. J. 514.

See, also, *Swanson v. Hood,* 99 Wash. 506, 170 Pac. 135.

Assignments of error numbered 17, 18, 19, 20, 21, 22 and 23 are based upon the refusal of the trial court to give proposed instructions requested by appellant. No useful purpose would be served by setting forth these proposed instructions. A careful examination of the instructions actually given by the trial court discloses that they cover such matters as are embraced in the correct statements of the law contained in appellant's proposed instructions.

Assignment of error No. 24 is that the court erred in giving the following instruction:

"No. 4. With respect to the lease agreement bearing date December 7, 1929, and introduced here as exhibit C, and the agency agreement dated the 25th day of August, 1930, and introduced herein as exhibit 4, you are instructed as follows: That under said exhibit C, being the lease and sub-lease agreement, the defendants herein were required to purchase their gasoline from the plaintiff, and the defendants had the right under said agreement to sell the gasoline so purchased from plaintiff at whatever price the defendants desired or cared to sell it for, and the plaintiff had no right under said agreement to direct or declare the price the defendants were to sell said gasoline for, and if you should find from a preponderance of the evidence that the plaintiff and the defendants were operating under the terms of said lease and sub-lease agreement, being exhibit C, during the times covered by this suit, and you should find that plaintiff while the parties were so operating under said agreement endeavored to dictate to the defendants the price at which said gasoline should be sold, and refused to deliver gasoline to the defendants because of the fact that they were cutting

prices and not adhering to the price fixed by the plaintiff, and you should further find that the plaintiff has prevented the defendants from procuring gasoline from other dealers because of the existence of the lease and sub-lease agreement on defendants' property, then defendants would be entitled to recover for any damages which the evidence shows they have suffered as a result thereof.''

Assignment of error No. 27 is that the court erred in giving the following instruction:

''No. 10. In the event you should find that the defendants should recover on their counter-claim, then you will of course determine from the evidence in the case what amount the defendants should receive. In arriving at this amount you must of course be governed by the testimony in the case. You must not allow anything that is speculative or uncertain, and must restrict your award to an amount which the evidence show to have been with reasonable certainty established.''

The foregoing instructions correctly state the law. Appellant submitted no correct proposed instruction limiting the particular items of damage for which respondent could recover in this action.

Appellant alleges as its twenty-fifth and twenty-sixth assignments of error the giving of the following instructions:

''No. 6. You are further instructed that if you should find from the evidence that said consignment and agency agreement was consummated and executed as hereinafter defined, and that the parties operated thereunder up until about the 18th day of November, 1930, and you should further find that the plaintiff on or after that date because of the fact that the defendants refused to sell gasoline at the price fixed by the plaintiff cancelled and forfeited said contract, then you are instructed that the lease and sub-lease agreement, exhibit C, became effective between the parties thereafter.''

"No. 9. You are further instructed that if you should find that said agency agreement was not signed by the plaintiff until after the 18th day of November, 1930, and you should find that during said time the parties hereto had not prior thereto performed and complied with the terms of said agency agreement, and the defendants had not acted as agent of the plaintiff in the selling of the gasoline as a consignee upon commission, then you are instructed that this said agency agreement was not executed or consummated between the parties."

Each of the foregoing instructions was a correct statement of the law, and was applicable under the issues and in view of the testimony.

Appellant's third assignment of error is that the trial court erred in denying appellant's motion for a new trial. Appellant alleges that counsel for respondents in his argument to the jury was guilty of misconduct. Various quotations from that argument have been called to our attention. The jury having returned a verdict which, in view of the testimony as to the extent of respondents' damages, was very modest, we conclude that the conduct of respondents' counsel was not prejudicial. It is therefore unnecessary, in our opinion, to further consider this claim of error. The trial court properly refused to grant a new trial.

Judgment affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and BEELER, JJ., concur.