B. M. OYSTER, *et al.*, *Appellants*, v. CLIFFORD DYE, *et al.*,
*Respondents.*[1]

[1]Reported in 110 P. (2d) 863.

*Lee J. Campbell* and *C. D. Cunningham,* for appellants.

*Lloyd B. Dysart,* for respondents.

BEALS, J.—Plaintiffs herein, B. M. and Ethyle T. Oyster, sued defendants, Mr. and Mrs. Clifford Dye, for damages suffered by plaintiffs as the result of personal injuries sustained in an automobile collision between plaintiff's car, driven by Mr. Oyster, and a truck owned and operated by defendants, driven by one William Fabey. June 23, 1938, plaintiffs, accompanied by their guests, Mr. and Mrs. Hollis and their infant child, were driving in a Plymouth sedan, the property of Mr. Oyster's employer, in a northwesterly direction along state highway No. 9, an arterial, a few miles northwest of the town of Oakville, in Grays Harbor county. Defendants' truck, carrying a ton of milk, was approaching the highway from the east. Each vehicle was in plain view. There was a stop sign on the road along which the truck was approaching, but the driver of defendants' truck did not stop before entering the highway. The vehicles collided in the intersection, plaintiffs' car striking the side of the truck.

In their complaint, plaintiffs alleged that defendants' driver was negligent, in that he entered the highway without stopping, and failed to accord plaintiffs' car the right of way, to which plaintiffs were entitled. In their answer, defendants denied that their driver had been negligent, and pleaded contributory negligence on the part of Mr. Oyster. This affirmative defense having been denied by plaintiffs in their reply, the action was tried to a jury, which returned a verdict in favor of the defendants. Plaintiffs' motion for new trial having been denied, judgment was entered dismissing the action, from which plaintiffs have appealed.

Error is assigned upon the overruling of appellants' objections to certain questions propounded to Mr. Oyster on cross-examination; upon the admission of evidence introduced by respondents over appellants' objection; upon the giving of four instructions; upon the refusal of the court to give an instruction requested by appellants; upon the denial of appellants' motion for a new trial; and upon the entry of judgment dismissing the action.

It appears from the evidence that appellants were driving upon an arterial highway; that respondents' truck was approaching from appellants' right along a side road, upon which stood a stop sign. The driver of the truck admitted that he did not stop at the stop sign, and stated that he thought he had plenty of time to cross the highway in front of appellants' car. In view of our conclusion that a new trial must be granted, further discussion of the evidence is unnecessary.

■ Appellants asserted no claim for damages on account of loss of salary by Mr. Oyster. On cross-examination, Mr. Oyster testified that he had completely recovered, and that he had lost nothing by way of wages because of his injuries. He did not own the automobile in which he was riding, and of course no claim was asserted by way of damages to the car. By way of further cross-examination, respondents' counsel asked Mr. Oyster the amount of his salary. This question was objected to, on the ground that, as Mr. Oyster was making no claim for loss of salary, the question was improper. The objection was overruled, and Mr. Oyster answered that at the time of the accident he was receiving three thousand dollars a year. The court sustained an objection to a later question as to Mr. Oyster's compensation at the time of trial, but overruled an objection to a later question as to whether or

not the witness had lost any salary because of the accident, the witness replying that he had lost none.

It appeared beyond question, from the pleadings and the testimony of the witness, that Mr. Oyster was asserting no claim whatsoever for loss of salary, and that appellants were seeking damages only as compensation for personal injuries.

The amount of compensation which Mr. Oyster was receiving from his employer was immaterial, and the trial court erred in overruling appellants' objections to questions concerning that matter. Whether Mr. Oyster's compensation was small, average, or large, was not germane to the issues which the jury were called upon to determine. It was no more relevant than the amount of property he owned. His right to recover damages did not depend upon his poverty or his wealth. *Wright v. Broadway Department Store,* 199 Cal. 562, 250 Pac. 572; *Andonique v. Carmen,* 162 Ky. 154, 172 S. W. 112; *Birmingham R. etc. Co. v. Friedman,* 187 Ala. 562, 65 So. 939; *Herstein v. Kemker,* 19 Tenn. App. 681, 94 S. W. (2d) 76; 1 Jones on Evidence (4th ed.), 275, § 161.

Respondents called as a witness one Ed Mayes, who, after testifying concerning certain matters upon which he was competent to testify as an expert, was permitted, over appellants' objection, to give his opinion as to the approximate speed of appellants' car at the moment of impact, based upon a hypothetical question in which the damage to appellants' car was described, and the result of the impact upon the persons riding in appellants' car was indicated, the question being aided by examination of photographs of appellants' car taken after the accident. The witness stated that he had never had any personal experience with automobile wrecks; that for twenty years he had been a dealer in automobiles, for the past seven years having

been selling Dodge and Plymouth cars; that, in a general way, he was familiar with the body structure, brakes, and general mechanism of the 1936 Plymouth sedans; that he had demonstrated these cars, and had tested them in various ways. The witness further testified that he was familiar with the scene of the accident. Based upon his examination of the photographs, his familiarity with the scene of the accident, and assuming the facts stated in the hypothetical question propounded to him by respondents' counsel, the witness gave his opinion as to the speed of appellants' car at the time of the impact.

On cross-examination, the witness testified that, in making his estimate, he compared the appearance of appellants' car after the accident, as shown by photographs, with other wrecked cars which he had seen, and that, concerning these other wrecked cars, his only information concerning the accidents in which they were damaged was obtained from persons who had told him about the accidents. The witness testified that no car which he had been driving had ever been wrecked, and that all of his knowledge concerning such matters was as above described.

In connection with expert testimony, several elements must be considered. One of these elements is whether or not the matter is a proper subject for expert testimony; another whether or not the witness offered is qualified to testify as an expert.

In connection with the first proposition, it is the general rule that a proper matter for expert testimony is one the discussion of which calls for some special skill or knowledge beyond the understanding of the ordinary person. *Cook v. Stimson Mill Co.*, 41 Wash. 314, 83 Pac. 419; *Hill v. Great Northern Life Ins. Co.*, 186 Wash. 167, 57 P. (2d) 405; *Thomas v. Inland Motor Freight*, 190 Wash. 428, 68 P. (2d) 603.

■ This court has held that, in certain cases, the force or violence of a collision between a motor vehicle and a person, another vehicle, or any other object, may be considered in estimating speed. *Osborn v. Seattle,* 142 Wash. 25, 252 Pac. 164; *Hunter v. Lincoln Stages,* 161 Wash. 634, 297 Pac. 179; *Copeland v. North Coast Transportation Co.,* 169 Wash. 84, 13 P. (2d) 65; *Comstock v. Smith,* 183 Wash. 94, 48 P. (2d) 255; *Gayson v. Daugherty,* 190 Wash. 133, 66 P. (2d) 1148. This, of course, is proper in many instances, as the result of a collision may indicate the speed of a colliding car, and evidence concerning the situation after a collision may always be considered by the trier of the facts, the facts being given such weight as is proper under the circumstances.

■ In the case of *Cook v. Stimson Mill Co., supra,* this court held that two witnesses who had had some experience in railroading, were not competent to testify as experts concerning the rate of speed at which a logging train had been running prior to an accident which the witnesses had not seen, their knowledge of the matter being limited to a view of the scene of the wreck after the accident. Some expressions indicate that the court doubted that such a matter was a proper subject for expert testimony, but it was definitely held that the trial court erred in receiving over objection the testimony of the witnesses in which their opinions were stated.

In the case of *Warren v. Hynes,* 4 Wn. (2d) 128, 102 P. (2d) 691, we held that a witness, by profession an engineer, who had examined two automobiles which had collided, should not have been allowed to state to the jury his opinion as to the speed of one of the automobiles, his conclusion being based upon the condition of the bumper on one of the cars. On this question, we said:

"One of the alleged items of negligence was that of unlawful rate of speed of respondent's automobile. The conclusion or opinion of the witness was a mere speculation or guess. He undertook to determine an issue in the cause, that of speed, when it was the sole duty of the jury to decide that issue on all the evidence. While the witness could properly testify as to the condition of both automobiles as he viewed them subsequent to the accident, he could not speculate or guess from the condition of the bumper on respondent's automobile the rate of speed at which both automobiles were traveling. This constituted an invasion of the province of the jury, and the admission of that testimony was prejudicially erroneous."

In the case of *Cleasby v. Taylor,* 176 Wash. 251, 28 P. (2d) 795, we held that testimony concerning the speed of an automobile, the witnesses basing their estimate upon skid marks which they had examined, was erroneously admitted, the opinions of the witnesses amounting to no more than "a mere speculation or guess."

In the case of *McCarthy v. Souther,* 83 N. H. 29, 137 Atl. 445, the supreme court of New Hampshire held that, in a case tried to a jury, the admission of the testimony of a witness, that in his opinion an automobile which had collided with and killed a pedestrian "was going with speed at the time of the accident," the witness being an automobile mechanic, and basing his opinion upon the fact that the impact of the car with the pedestrian broke the handle of a door, was "of harmless immateriality," if the opinion was the only one fairly to be drawn and related to a matter of common and general knowledge, or, if otherwise, was admissible in the exercise of the discretion of the trial court. It would seem to necessarily follow that, if a car struck a pedestrian, the impact breaking the handle of a door, the car was proceeding "with speed."

While it might well be held that the admission of the testimony was harmless, such a self-evident fact should not be made the subject of so-called expert testimony.

A question somewhat similar to that now under discussion was considered by this court in the case of *Comstock v. Smith*, 183 Wash. 94, 48 P. (2d) 255, in which three experienced garage men had testified as experts as to the speed of one of two colliding cars, basing their opinion upon the condition of the other car after the collision. The case cited was tried to the court without a jury, and this court, while observing that "the impact and violence of a collision may be taken into consideration in determining the rate of speed," was of the opinion that the trial court had attached little weight to the evidence of the witnesses who testified as experts, our conclusion being that, disregarding that testimony, the evidence did not preponderate against the findings of the trial court.

In the case at bar, we are of the opinion that it did not appear that the witness Ed Mayes possessed any qualifications based upon experience or knowledge, which qualified him to testify as an expert upon the matter of the speed of appellants' car at the instant of impact.

The general rule, upon which respondents rely, is stated in 2 Wigmore on Evidence (3d ed.), 641, § 561, as follows:

"In most jurisdictions it is repeatedly declared that the decision upon the experiential qualifications of witnesses should be left to the determination of the trial court."

The decisions of this court in the cases of *Traver v. Spokane Street R. Co.*, 25 Wash. 225, 65 Pac. 284; *Wilkins v. Knox*, 142 Wash. 571, 253 Pac. 797; *Standard*

*Oil Co. v. Grenfell,* 168 Wash. 66, 10 P. (2d) 573, are to the same effect.

We are in entire accord with the rule, but it cannot be held that the witness Mayes possessed any special knowledge upon the matter above referred to, which would render his opinion of the least assistance to the jury. Doubtless, he had a general knowledge of the structure of automobiles, and was an excellent driver. He testified that he had seen a number of wrecked cars, but the mere fact that people had described to him, probably casually, or from a biased viewpoint, the accidents in which these cars were damaged, concerning the facts of which he knew nothing, save what was told him, would not give him any special knowledge concerning the relation of speed and impact to damage to the striking car, which would justify classifying him as an expert upon that question.

Neither can it be held that the admission of his testimony was harmless error, because it bore upon a vital point in the case, the speed of appellants' car at the instant of the collision, and purported, at least, to throw light upon a question concerning which the direct evidence was in dispute. This evidence does not fall into the class of testimony considered by the court in the case of *McCarthy v. Souther, supra,* as in that case the testimony was simply concerning an obvious matter of common knowledge. In the case at bar, the trial court, over appellants' objection, admitted Mr. Mayes' testimony stating his opinion as to the speed of appellants' car; and in reaching their verdict, the jury, upon an important question, may have been influenced by Mr. Mayes' testimony, which, it seems clear, was improperly admitted. The testimony was improper as amounting to no more than an estimate or guess by a witness not qualified to testify as an expert.

Our conclusion upon the two matters above discussed renders unnecessary any consideration of appellants' assignments of error based upon instructions given to the jury and one requested instruction which the court refused.

The judgment appealed from is reversed, with instructions to the trial court to grant a new trial.

ROBINSON, C. J., MILLARD, SIMPSON, and JEFFERS, JJ., concur.

[No. 27949.   Department Two.   March 4, 1941.]

[1]Reported in 110 P. (2d) 872.