**UNION BUS LINES et al. v. MOULDER.**

No. 11382.

Court of Civil Appeals of Texas.
San Antonio.

April 19, 1944.

Eskridge, Groce & Chiles and T. P. Hull, all of San Antonio, Harry Schulz, of George West, Sid L. Hardin, of Edinburg, R. E. Schneider, of George West, and Johnson & Rogers and Nat L. Hardy, all of San Antonio, for appellants.

Pichinson & Alsup, John Pichinson, Phillips & Anderson, and H. L. Ratliff, all of Corpus Christi, for appellee.

NORVELL, Justice.

This action grew out of a collision between a bus of the Union Bus Lines (Joe Amberson, owner) and a truck of Kimbriel Produce Company, Inc., which occurred at the intersection of State Highway No. 72 and Federal Highway No. 281, near the north city limits of the town of Three Rivers, Texas. See Kimbriel Produce Company, Inc. v. Tracy L. Mayo et al., Tex.Civ.App., 180 S.W.2d 504. John J. Moulder, plaintiff below, recovered a judgment of $5,000 against Amberson and Kimbriel, jointly and severally. Contribution between said parties was awarded under

the provisions of Article 2212, Vernon's Ann.Civ.Stats.

Amberson and Kimbriel have both appealed and filed separate briefs herein. Amberson is also in the position of an appellee before this court with reference to certain of Kimbriel's points hereinafter mentioned.

Both appellants contend that this cause must be reversed because of misconduct of the jury.

The jury returned into court their verdict containing a finding that Moulder had sustained damages in the sum of $12,500, and judgment was entered in Moulder's favor for that amount.

Appellants filed motions for new trial alleging that the members of the jury during their deliberations discussed the following matters, i. e., that plaintiff would have to pay part of the damages awarded to him for attorneys' fees; that appellants were covered by insurance; that the Federal Government would take a part of the recovery for income taxes, and that certain medical expenses excluded from the jury's consideration by the court's charge would have to be paid.

Upon the hearing of the motion, eleven of the jurors were present and nine testified. The trial court entered an order which in part reads as follows:

"* * * and the court after hearing and considering said motions and the testimony of the jurors with respect to the misconduct of the jury in receiving new evidence during their deliberations and in considering matters not properly before said jury is of the opinion that the motions of the defendants for a new trial are well taken as to the judgment entered for all sums in excess of Five Thousand Dollars ($5,000.00).

"It is further the opinion of the court and the court finds as a fact from the testimony of the jurors, that the jury properly arrived at and agreed upon the sum of Five Thousand Dollars ($5,000.00) as the amount of damages sustained by plaintiff; that said amount was agreed upon prior to any misconduct of their part and that no misconduct of the said jury exists with reference to said sum of Five Thousand Dollars ($5000.00); and the plaintiff having announced in open court that he would file a remittitur in the sum of Seventy-five Hundred Dollars ($7500.00) and said remittitur having been filed and duly entered of record for such amount, the same is thereby eliminated from said judgment and said judgment to the amount of Seventy-five Hundred Dollars ($7500.00) is set aside and annulled; but as to the remainder of said judgment in the amount of Five Thousand Dollars ($5000.00), the said motions for a new trial are hereby refused and overruled; * * *."

■ It is apparent from the wording of the order that the trial court held, as a matter of fact, that misconduct on the part of the jury did take place and concluded, as a matter of law, that probable injury resulted to appellants. Rule 327, R.C.P. We have examined the record and find that the trial court's finding of misconduct is amply sustained by the evidence. We likewise conclude that probable injury to appellants resulted from such misconduct.

The trial court was of the opinion, however, that all taint of misconduct could be removed from the verdict by a remittitur of $7,500.

In this connection, appellants properly challenge the finding of the trial court contained in the order that "the jury properly arrived at and agreed upon the sum of Five Thousand Dollars ($5000.00) as the amount of damages sustained by plaintiff; (and) that said amount was agreed upon prior to any misconduct on their part * * *." The record fails to show that all twelve of the jurors agreed that plaintiff had sustained damages in the amount of $5,000, but does indicate that at some time prior to the discussion of improper matters, members of the jury did discuss the question of the amount of damages sustained. In the course of the expressions of opinions concerning this matter the lowest amount mentioned was $5,000.

This being the situation, the case of City of Waco v. Darnell, Tex.Com.App., 35 S.W.2d 134, is controlling, and a reversal of the judgment and a remand of the case must be ordered. We sustain Amberson's and Kimbriel's points Nos. 1 to 5 inclusive.

We are further of the opinion that the trial court erred in permitting the witness, Frank Probst, to express his opinion as to the speed of the bus at the time of the collision by stating an estimate in miles per hour. Probst arrived at the scene of the collision about thirty minutes after

it had taken place. His estimate that the bus was travelling at the rate of fifty miles per hour was not based upon the nature or length of skid marks, since there apparently were none (according to this witness's observation) but was predicated solely upon the damaged condition of the vehicles after collision, as well as their respective positions on or near the highway after impact had occurred.

The trial judge held that Probst had qualified as an expert. The bases of his qualifications were that he had observed numerous automobile wrecks and had attended a school for highway patrolmen and peace officers at Austin, at which instruction was given with reference to estimating the speed of vehicles from skid marks and apparent force of impact.

 It is well settled that evidence of violence and force of impact is a circumstance which may be considered by the jury in considering the question of whether or not a vehicle was travelling at an excessive or negligent rate of speed. 9 Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., pt. 2, p. 696, § 6234. The same authority however states that a non-expert witness' estimate of speed, based solely upon an opinion of the force of an impact, should not be admitted. 9 Blashfield Cyc. of Auto. Law and Practice, Perm.Ed., pt. 2, p. 692, § 6232. It is further a well-recognized principle that expert opinion testimony is not competent unless it relates to a matter concerning which the expert is shown to have knowledge superior to that possessed by the ordinary juror. The record here fails to show that Probst employed any technical or scientific methods in arriving at his estimate of the speed of the bus in terms of miles per hour. He did not attempt to detail instructions or tests suggested to him at the school in Austin which would enable him to estimate the speed of a vehicle by observation of damage caused by impact. We sustain Amberson's sixth and seventh points. Oyster v. Dye, 7 Wash.2d 674, 110 P.2d 863, 133 A.L.R. 720; Johnston v. Peairs, 117 Cal.App. 208, 3 P.2d 617; Fishman v. Silva, 116 Cal. App. 1, 2 P.2d 473.

Amberson's eighth and ninth points do not disclose reversible error.

 Kimbriel's sixth point is overruled. By said point complaint is made of the trial court's action in refusing to submit an issue as to whether or not the failure of the driver of the Amberson bus to see if there was sufficient room to make the movement in safety (turn to the left in an attempt to pass around the Kimbriel truck) before changing the course of the bus was the sole proximate cause of the collision. The trial court did submit issues inquiring as to whether or not the driving of the bus on the left of the center line of the highway at the immediate time and place of the collision was the sole proximate cause thereof. We regard the requested issue as applied to the facts in this case as presenting a different shade or phase of an issue actually submitted by the court. Hence the refusal of the trial court to grant the request was not reversible error. Rule 279, R.C.P.

Kimbriel's seventh, eighth and ninth points raise matters discussed by us in the Tracy Mayo case heretofore referred to. Further discussion is unnecessary here. Said points are overruled.

By reason of the errors pointed out, the judgment appealed from is reversed and the cause remanded for new trial.

Reversed and remanded.