## WOOD et al. v. STOKES.

### No. 5938.

Court of Civil Appeals of Texas. Amarillo.
March 31, 1949.

Rehearing Denied April 25, 1949.

Nelson & McCleksey, of Lubbock, for appellants.

McWhorter, Howard & Cobb, of Lubbock, for appellee.

LUMPKIN, Justice.

Appellants, Clark Wood and Dee H. Bradford, the individuals composing the partnership doing business in the name of Wood & Bradford Insurance Service, brought this suit against the appellee, C. A. Stokes, upon an open account to recover $745.96, the amount allegedly due as premiums on various insurance policies. The appellants, as agents, had procured the insurance policies for the appellee from various insurance companies. The appellee is engaged in the trucking business, hauling livestock principally. He operates out of Lubbock, Texas, and has a permit from the Railroad Commission of Texas to do such hauling.

The appellants, in their original petition, alleged that the various insurance policies were obtained in compliance with appellee's application; that the types of insurance acquired include policies for workman's compensation, cargo insurance, fleet policies, and manufacturers' public liability insurance; that the appellee accepted the insurance policies procured for him by the appellants; that the appellee agreed to pay the premiums due upon the various policies and further agreed that if the appellants would pay the insurance companies the premiums due on the policies, he would reimburse appellants for such premiums advanced; that in compliance with the agreement, the appellants paid the premiums due on the insurance; and that the appellee had reimbursed the appellants for a portion of the premiums advanced by them, but that he refused to pay for premium payments totaling $745.96.

In answer the appellee pleaded that he did not agree to repay appellants for premium payments made by them for him; that if such payments were made by appellants, they were purely voluntary in nature and made without authority from him. The evidence reveals that the appellee purchased the various policies of insurance through the appellants; that in payment of the initial premiums, he gave the appellants a cheque in the approximate amount of $800; that, nevertheless, he was soon behind in the monthly payments of the premiums; and that the appellants informed the appellee that his premium payments were in arrears. A verified account, introduced in evidence, reveals that the appellee had paid appellants $3,136.39 in insurance premiums leaving a balance due of $745.96. This balance was denied under oath by the appellee. Both of the appellants testified that the appellee had agreed to repay them the monies sent the various insurance companies in payment of appellee's insurance premiums. The appellee testified that he knew his insurance premiums were in arrears and that he was so notified by the appellants; that he did not know that the delinquent payments were being made by the appellants; that when the appellants informed him that his premiums were in arrears, he told them that collections were bad and that he would pay the appellants, but that nothing was said about the appellants paying the premiums for him; that he owed the appellants something but not as much as they were demanding.

After the trial court overruled the appellants' motion for an instructed verdict, the case was submitted to a jury on the following special issue:

"Do you find from a preponderance of the evidence that C. A. Stokes agreed before the payments of premiums were made, if they were made, to repay Wood & Bradford the premiums upon the policies of insurance issued to C. A. Stokes? Answer 'Yes' or 'No' as you find." The jury answered, "No."

Thereupon appellants filed a motion for judgment non obstante veredicto, insisting that the special issue should not have been submitted to the jury and that the evidence would support none other than an affirmative answer to the special issue. The court overruled appellants' motion and entered judgment upon the verdict and finding of the jury in favor of the appellee and ordered that the appellants take nothing by their suit. To this action and judgment of the court, the appellants duly excepted, perfected their appeal, and the case is before this court for review.

In attacking the court's judgment the appellants assert that the trial court erred in overruling appellants' motion for an instructed verdict. It is the appellants' contention that since both of them testified that appellee agreed to repay the money expended by them in payment of appellee's premiums and since the appellee testified that he promised to reimburse the appellants for premiums advanced by the appellants, there was no fact in dispute and therefore no issue to submit to a jury. We cannot agree with appellants in this contention. A review of the record convinces us that rather than agreeing with appellants upon this pivotal question, the appellee contradicted appellants' testimony as is clearly demonstrated by the following excerpt from appellee's testimony given on cross examination:

"Q. Didn't you tell him [appellant Bradford] you were short on money, and that if he would make the payments you would pay him in a few days? A. I told him I would pay him, that collections were bad, and that I would pay him, but there was nothing said about him paying them."

And again on cross examination:

"Q. You don't deny that you now owe Wood & Bradford? A. I deny I owe him as much as they say."

Since it is for a jury to decide issues of fact upon conflicting evidence (as is clearly demonstrated above) or upon evidence which is open to diverse inferences, the trial court did not err in refusing appellants' motion for a peremptory instruction in favor of appellants. 41 Texas Jurisprudence 934.

Secondly, the appellants insist that the jury was guilty of misconduct in arriving at a verdict; that the misconduct was of such a nature as to result in probable injury to the appellants; and that the court erred in overruling appellants' motion for a new trial. It is appellants' contention that certain members of the jury, after the jury retired to consider its verdict but prior to the time it reached a verdict, discussed matters which were not admitted in evidence and that some of the jurors considered the legal effect of the answer to be given the special issue.

 Under Rule 327, Texas Rules of Civil Procedure, the burden is upon the party complaining of jury misconduct to prove by a preponderance of the evidence that such misconduct occurred and that such misconduct resulted in injury to him. The trial court may, in its discretion, grant a new trial if it appears that there was reasonable probability of injury to such party, although the injury be not definitely proved. Cloudt et al. v. Hutcherson, Tex. Civ.App.., 175 S.W.2d 643, writ ref. w. m.

Four jurors were summoned to testify in support of appellants' motion for new trial. One of the jurors stated that during the jury's deliberations some of the jurors agreed that should they answer the special issue "Yes" a just result would not be reached for the reason that such an answer would permit the appellants to re-

cover the full amount sued for, whereas these certain jurors were not satisfied that the appellants should recover the full amount, although they did feel that the appellants should recover something and they did believe that the appellee had agreed to pay the appellants the premiums which the appellants had advanced for him. In reading these jurors' testimony, we gather that they based the conclusion that appellee did not owe the appellants as much as $745.96 on information derived from an advertisement appearing in the Lubbock Telephone Directory. During the course of the trial, the appellee had offered in evidence an advertisement by the Wood & Bradford Insurance Service, appearing in the Lubbock Telephone Directory, which purportedly represented that insurance could be purchased at a saving by procuring it through the services of appellants' firm. The court sustained appellants' objection to the introduction of this advertisement. On the motion for a new trial, the foreman of the jury stated that there was some discussion of the advertisement; that one of the jurors recounted his unsatisfactory experiences with mutual insurance companies. The foreman, in an affidavit which was identified by him and introduced in evidence, made the following statement:

"* * * after the jury had retired to deliberate upon its verdict and prior to the time that the answer to the special issue was agreed upon, one or more of the jurors stated aloud in the presence and hearing of the other jurors, including this affiant, that the speaker or speakers had looked up in the telephone directory and the 'ad' of Wood & Bradford Insurance Service, which was introduced in evidence, or rather which the defendant had attempted to introduce in evidence, and that upon reading the 'ad' after the 'ad' had been offered in evidence, the speaker or speakers had found that the same stated, in substance, 'lower cost insurance, twenty per cent to forty per cent savings' and that this must indicate that there had been some representation by Wood & Bradford, or one of them, that dividends would be afforded to Stokes if he purchased insurance from Wood & Bradford, and that it

was probably a difference of opinion between the litigants upon the matter of dividends or savings as advertised in the telephone directory which had caused the difference between Wood & Bradford on the one hand and C. A. Stokes on the other as to the amount due and owing Wood & Bradford by C. A. Stokes * * * Also various members of the jury expressed aloud in the presence of the other jurors, after the jury had retired to deliberate upon its verdict and prior to the time that the answer to the special issue was agreed upon, that it had not been proven to the satisfaction of the speaker or speakers that the amount sued for by Wood & Bradford was the exact amount owing by Stokes to Wood & Bradford, and that if an answer of 'yes' were returned to the special issue, a judgment in favor of Wood & Bradford for the full amount sued for would thereby result. The speaker or speakers further indicated that it was their opinion that Stokes had agreed to pay Wood & Bradford the premiums upon the insurance issued to Stokes, but that in the absence of a more definite showing in the evidence of the exact amount due, an answer of 'yes' should not be given to the special issue * * * this affiant is and has been of the opinion that C. A. Stokes had agreed to pay Wood & Bradford the insurance premiums due upon the policies issued to C. A. Stokes, and affiant believes that some of the other jurors are and have been of the same opinion, but that, because of the fact that an answer of 'yes' to the special issue would result in a verdict in favor of Wood & Bradford for the total amount sued for, this affiant was unwilling to return a verdict of 'yes' and therefore answered the special issue 'no.' "

The appellee argues that the discussion entered into by some of the jurors concerning whether appellee had agreed with appellants to reimburse them for the premiums advanced on the various policies, together with a discussion as to the correct amount owed the appellants, reveals no more than the mental process through which each juror's mind went in reaching his conclusion. A reversal is required if it be shown that a jury, in advance of answering the issues, agreed on the final outcome of the case and thereafter, in accordance with its agreement, attempted to answer the questions in such a way as to bring about the desired result. Monkey Grip Rubber Co. v. Walton, 122 Tex. 185, 53 S.W.2d 770; Bradshaw v. Abrams et al., Tex.Com.App., 24 S.W.2d 372. The juror's statement as to the content of the excluded advertisement was clearly misconduct. The rule has long prevailed that jurors may not receive new testimony during their deliberation or discuss testimony expressly excluded by the court. Lackey et al. v. Moffett et ux., Tex.Civ.App., 172 S.W.2d 715; Union Bus Lines et al. v. Moulder, Tex.Civ.App., 180 S.W.2d 509. The information given by the jurors concerning the contents of the excluded advertisement served as a basis for the belief on the part of some of the jurors, if not all of them, that the appellants owed the appellee certain dividends and that therefore the appellants were not due the full amount of $745.96. Even if the misconduct influenced the verdict of only one of the jurors, the verdict should be set aside. Moore v. Ivey et al., Tex.Com.App., 277 S.W. 106; Texas Electric Ry. Co. v. Wooten, Tex.Civ.App., 173 S.W.2d 463, writ ref. w. m. Where jury misconduct is established, the question of whether injury probably resulted therefrom to the complaining party is a question of law for the reviewing court. From the evidence adduced on the motion for new trial, as well as from a careful consideration of the entire record, the misconduct of the jurors hereinabove detailed probably resulted in injury to the appellants. In our opinion the trial court erred in not granting a new trial. Barrington et al. v. Duncan et al., 140 Tex. 510, 169 S.W.2d 462; City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259.

We have carefully considered the record in this case. For the reasons set forth above, the judgment of the trial court is reversed and the cause remanded.