[No. 36164.   Department One.   April 5, 1962.]

MAYNARD HILL, *Respondent,* v. C. & E. CONSTR. CO., INC.,
*et al., Appellants.*

DONALD D. WILLIAMS, *Respondent,* v. C. & E. CONSTR. *Co.,*
INC., *Appellant.**

* Reported in 370 P. (2d) 255.

*Palmer, Willis & McArdle,* for appellants.

*Kern, Dano & Cone* and *Murray & Dunham,* for respondents.

FOSTER, J.—This is an appeal from a final judgment upon a verdict in consolidated actions for personal injuries to respondent driver Hill and property damage to a tractor-trailer combination owned by respondent Williams and driven by Hill.

The scene of the accident was a canyon hillside on the Ellensburg-Yakima highway. Appellants' driver, Covey, was southbound in a truck with "lowboy" attached on which a derrick was loaded. The derrick lost its moorings and swung across the northbound lane of the highway whereupon appellants' driver stopped, blocking both lanes of traffic.

Respondent driver Hill was northbound in a truck with cement trailer which was empty. His vision of the blockading derrick was cut off by a curve. He was traveling at the legal rate of speed. The surface of the highway was wet and greasy. Upon observing the obstruction, Hill immediately braked which caused the empty cement trailer to jackknife, striking the rock cliff. Appellants make no claim that the evidence is insufficient to support respondents' charge of negligence. The verdict was for $20,000 on respondent Hill's claim for personal injuries and $12,400 for the damage to respondent Williams' equipment, on both of which items judgment was entered.

While there are four assignments of error, but two issues are presented: (1) oral argument by respondents' counsel to the jury respecting future damage for pain and suffering in which an arithmetical formula is said to have been exhibited on a blackboard, and (2) the exclusion of opinion or expert testimony respecting the required stopping distance.

The appellants' answer alleged that there was ample opportunity for the respondent Hill to have brought his vehicle to a stop in time to have avoided the collision. In support thereof, appellant offered expert or opinion evidence as to the distance which would have been required to bring the truck and trailer combination to a stop. The questions of the appellants' counsel seeking the witness' opinion met with the respondents' objection which the court sustained. An offer of proof followed, but the objection thereto was sustained. This point was orally reargued on the appellants' motion for a new trial; elaborate briefs were submitted and considered by the trial court, after which it filed a painstaking, comprehensive memorandum opinion which has substantially lessened the labors of this court.

It should be remembered that the vision of the respondent driver was obscured by the curve, that the pavement was wet and greasy, and that the driver braked at the earliest possible moment which caused the combination of vehicles to immediately jackknife.

The hypothesis, upon which the opinion of the witness was asked, assumed only level, straight-line stopping in which centrifugal force is not a factor. The circumstances, in the trial court's opinion and in ours, involved factors not embraced in the hypothesis. There was a complete absence of evidence as to the arc of the curve or the degree of superelevation, if any, on the curve. Absent, also, was any offer of proof that the combination of vehicles could have been kept under control if the necessary brake pressure had been applied to bring the combination to a stop within the designated distance. The purpose of opinion evidence is to assist the trier of the fact in correctly understanding matters not within common experience, but, in passing upon the admissibility of such testimony, the court has a duty to see that the jury is not likely to be misled. Such are relevant considerations in weighing admissibility of proffered opinion testimony. *Gerberg v. Crosby*, 52 Wn. (2d) 792, 329 P. (2d) 184. The trial court graphically

analyzed the situation in the following excerpt from the memorandum opinion:

"It must be remembered that if the expert witness does not derive the stopping distances by mathematical demonstration, the tables upon which the expert witness must then necessarily rely, and to which reference is made in the defendants' brief, are predicated upon straight-line stopping conditions.

"The fact in this case is that a rather abrupt curve was involved in this accident. It is shown in the photographs now in evidence, and I suspect that because of the vanishing point principle it is even more abrupt than a casual glance at the photographs might indicate. The radius of the curve is not known, and has never been given, and I do not feel it sufficient as a foundation that the proffered expert witness say in general terms that he is familiar with the curve. Such a general statement does not supply an essential mathematical ingredient. Centrifugal forces were involved here to an extent which I am satisfied could not be computed with accuracy . . ."

For the reasons stated by him, the trial judge was correct in excluding the offer of proof. There is no necessity to analyze the array of cases cited by both counsel concerning the admissibility or exclusion of opinion evidence respecting the required stopping distance for various types of vehicles under various conditions, for even in those instances in which the reasons for admissibility or exclusion of opinion evidence are both fairly debatable, the trial court has a very wide discretion which will not be reversed on appeal. *Gerberg v. Crosby, supra; Johnson v. Harvey,* 44 Wn. (2d) 455, 268 P. (2d) 662; *Standard Oil Co. v. Grenfell,* 168 Wash. 66, 10 P. (2d) 573; and *Wilkins v. Knox,* 142 Wash. 571, 253 Pac. 797.

The case is controlled by *Wilkins v. Knox, supra,* in which we stated the rule as follows:

" . . . There is fair room for argument both in support of and against this contention, as there so often is when the admissibility of opinion evidence is drawn in question. Whether such testimony shall be received or excluded is a matter of sound judicial discretion, the exercise of which will not be disturbed by an appellate court except for a very plain abuse thereof, as has been a number of times

held by this court in common with the view prevailing generally elsewhere in the United States. *Traver v. Spokane Street Railway Company*, 25 Wash. 225, 65 Pac. 284; *Czarecki v. Seattle & S.F.R. & Nav. Co.*, 30 Wash. 288, 70 Pac. 750; *Chung v. Fong Co.*, 130 Wash. 154, 226 Pac. 726. . . ."

Appellants assign error "in allowing respondent Hill's counsel, in argument to the jury, to make a blackboard presentation of a mathematical formula for the determination of damages for pain and suffering."

■ Respondents' jury argument is not brought here nor is there any showing of the formula claimed to have been exhibited on the phantom blackboard, and appellants' brief contains no reference to the record. The following minute entry appears in the transcript:

"10:45 A.M. Attorney Cleary S. Cone argues to the jury. Defendants object to use of mathematical computations and is overruled."

No error is shown. There is no showing of prejudice.

In *Jones v. Hogan*, 56 Wn. (2d) 23, 351 P. (2d) 153, we refused to follow the controversial *Botta v. Brunner*, 26 N. J. 82, 138 A. (2d) 713, 60 A. L. R. (2d) 1331,[1] upon which appellants base their argument, and no reason is disclosed by this record for receding from that position.

Affirmed.

HILL, WEAVER, ROSELLINI, and OTT, JJ., concur.

---

[1] 21 Ohio St. L. Jour. 178; 62 W. Va. L. Rev. 402; 11 Ala. L. Rev. 207; 43 Minn. L. Rev. 832; 19 Ohio St. L. Jour. 780; 12 Rutgers L. Rev. 522; 28 U. Cinc. L. Rev. 138; 15 U. Miami L. Rev. 85; 4 Vill. L. Rev. 137; 61 W. Va. L. Rev. 302; 59 Col. L. Rev. 476; and 34 N. Y. U. L. Rev. 517, 537.