### MILLER et al. v. HENNESSY.

(Supreme Court, Trial Term, Albany County. July, 1905.)

1. CONVERSION—WHAT CONSTITUTES—EVIDENCE.

A lessor granted to his lessee permission to erect a building on the leased premises with the right to remove the same. When the lessee expressed his determination to remove it, the lessor denied his right to do so, and assaulted him. Subsequently the lessor unlocked the building, and took therefrom property of the lessee. *Held,* that the lessor's acts constituted a conversion of the building.

2. LANDLORD AND TENANT—ERECTION OF BUILDING BY TENANT—RIGHT OF REMOVAL.

The right of a lessee to remove a building erected on the leased premises under the permission of the lessor giving the lessee the right of removal at any time or on leaving the premises is not terminated by summary proceedings resulting in the lessee's dispossession.

[Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Landlord and Tenant, § 1325.]

3. SAME—SUIT BY BUYER OF BUILDING—COMPLAINT—EVIDENCE.

A lessee erected a building on the premises under the lessor's permission, giving the right of removal. The lessee sold the building. In a suit by the buyer for its conversion by the lessor the complaint alleged ownership by the buyer in the building, and a demand by him therefor. *Held,* that evidence of the lessor's refusal to permit the lessee to remove the building before eviction was admissible.

Action by Andrew Miller and others against John J. Hennessy for the recovery of a chattel. Judgment for plaintiffs.

John Scanlon, for plaintiffs.

John T. Norton (John H. Gleason, of counsel), for defendant.

COCHRANE, J.   The chattel in question consists of a building denominated a dance hall, constructed by the plaintiffs' assignor on land of the defendant.   Such land was leased by the defendant to the plaintiffs' assignor by written lease for the term of one year from the 1st day of July, 1902, but with the option to the lessee of leasing the premises for the term of five years from the latter date. The lessee remained in possession under such lease until May, 1904, when he was dispossessed for nonpayment of rent, no new lease or agreement of rental having been made in the meantime.   In April, 1903, the defendant gave to the lessee written permission to build the dance hall in question, such writing containing the provision that the lessee "can remove the same at any time he wishes to, or on leaving said premises."   Pursuant to such written consent, the building in question was constructed at an expense of $850.   It can be removed without injury to the freehold, and no question is raised by the defendant on that point.   Title to the building in question has been conveyed by the lessee to the plaintiffs herein, who, on September 2d, 1904, caused a demand to be made of the defendant for said building.   As a general rule, fixtures attached to the realty by a lessee must be removed before the latter yields possession to his lessor, or the right of removal by the lessee will be lost.   Dubois v. Kelly, 10 Barb. 496; Brooks v. Galster, 51 Barb. 196; The Massachusetts National Bank v. Shinn, 18 App. Div. 276, 282, 46 N. Y. Supp. 329; Van Vleck v. White, 66 App. Div. 14, 72 N. Y. Supp. 1026; Talbot v. Cruger, 151 N. Y. 120, 45 N. E. 364.   In the present case, however, the defendant refused to permit his lessee to remove the building.   When the latter expressed his determination to do so, which was about the time of the summary proceeding resulting in his dispossession, the defendant denied his right of removal, and committed an unjustifiable assault upon him.   At the time the warrant of dispossession was executed by the officer, the lessee was ill in a hospital.   The conversation between him and the defendant and the assault seemed to have occurred a few days prior thereto.   The defendant denies the conversation, but he does not deny the assault, and I find as a fact that the occurrence took place as testified by the lessee.   The defendant also unlocked the building, which had been locked by the lessee, and removed therefrom property of the latter.   Defendant virtually asserted dominion over the building, and his language and acts amounted to a conversion thereof.   He actually inflicted severe personal injuries to the person of his lessee when the latter told him he intended on the following day to remove the building.   Less significant acts than these have been held to constitute conversion.   Farrar v. Chauffetete, 5 Denio, 527; Lyon v. Kramer, 24 Hun, 231; Pinckney v. Darling, 3 App. Div. 553, 559, 38 N. Y. Supp. 411.   The lessee was not again required to encounter the personal violence and pugnacity of the defendant in an attempt to remove the building; but a more orderly and commendable method has been pursued of an appeal to the court, rather than a resort to a breach of the peace and lawlessness.   The summary proceeding resulting in the eviction of the lessee did not ter-

minate the latter's right to remove the building at that time. Lewis v. The Ocean Navigation and Pier Company, 125 N. Y. 341, 26 N. E. 301. But, even if it did, the refusal of the defendant to permit his lessee to exercise such right before the eviction would eliminate such question from the case.

Defendant claims that the evidence as to his refusal to permit the removal of the building before the eviction was inadmissible under the complaint herein. Undoubtedly the action might have been maintained immediately thereafter without any further demand. The plaintiffs, however, having received a bill of sale of the building, saw fit to make a further demand on September 2, 1904, which demand was alleged in the complaint and established on the trial. The complaint alleges ownership of the chattel by the plaintiffs, and their right of possession of the same; and under such allegations they were entitled to show facts tending to prove their right to take the chattel. This evidence, criticised by the defendant, bears directly on plaintiffs' right of possession by showing that their assignor did not abandon possession of the chattel at the time of his eviction, and that the defendant refused at that time to permit the right of removal to be exercised. Such evidence proves that on September 2, 1904, when plaintiffs demanded of the defendant possession of the chattel, they, as the assignees of the lessee, had the right to such possession.

Plaintiffs are entitled to judgment for the recovery of said chattel, or, in case a delivery thereof cannot be had, then for the value thereof, which is hereby fixed at $600.