[No. 18475. Department Two. June 5, 1924.]

JOE CHUNG, *Respondent*, v. LOUIE FONG COMPANY *et al.*, *Appellants.*[1]

LANDLORD AND TENANT (66)—IMPROVEMENTS BY TENANT—RIGHT OF REMOVAL—EVICTION. A lessee's right to remove his building at the end of the term is not terminated by unlawful detainer proceedings resulting in his dispossession; hence, in his action for wrongful eviction, damages cannot be recovered for the value of the building, in the absence of any evidence of its subsequent conversion by the landlord.

LANDLORD AND TENANT (93)—DAMAGES—LOSS OF GROWING CROPS —EVIDENCE—ADMISSIBILITY. In a tenant's action for wrongful eviction, the measure of damages for the loss of a growing crop is its market value at the time of maturity, less the cost of tilling, harvesting and marketing.

EVIDENCE (207½)—OPINION EVIDENCE—QUALIFICATIONS OF WITNESS. Upon an issue as to the value of a growing potato crop, a witness who had seen the crop and had experience in estimating the value of such crops, is not disqualified as an expert because he

[1]Reported in 226 Pac. 726.

never actually participated in or performed labor in raising or harvesting such crops.

LANDLORD AND TENANT (91)—EVICTION—DEFENSES—ESTOPPEL BY JUDGMENT. In a tenant's action against the landlord and his surety, in an unlawful detainer bond, for wrongful eviction through unlawful detainer proceedings which terminated in favor of the tenant, affirmative defenses that the tenant had forfeited the lease by failure to pay rental and by transfer of his interest, are properly withdrawn from the jury as concluded by the unlawful detainer judgment.

SAME (130)—UNLAWFUL DETAINER—SET-OFF AND COUNTERCLAIM—DAMAGES FOR EVICTION. In an action for unlawful detainer, the tenant cannot counterclaim for damages suffered through a wrongful eviction; hence judgment in his favor does not constitute an adjudication of damages and the tenant is not estopped to recover the same because the judgment in unlawful detainer made no reservation thereof.

SAME (91)—EVICTION—DAMAGES—ABANDONMENT OF LEASE. It is not a defense to a tenant's action for wrongful eviction that he abandoned the lease after a writ of restitution was issued against him in the unlawful detainer action.

APPEAL (465)—REVIEW—HARMLESS ERROR—ERROR CURED BY VERDICT. Error, if any, in instructing, in a tenant's action for wrongful eviction, that he was entitled to nominal damages in any event is immaterial where the jury returned a verdict for substantial damages.

LANDLORD AND TENANT (94)—EVICTION—DAMAGES RECOVERABLE. In a tenant's action for wrongful eviction, his expense in moving and loss of time on account of the removal are proper elements of the damages sustained.

SAME (94)—EVICTION—DAMAGES—EXCESSIVE VERDICT. A large verdict for damages for wrongful eviction will not be held excessive on appeal, where it was well within the evidence and the trial court refused to interfere with it.

PARTIES (52)—DEFECTS—WAIVER. Where the objection that there was a defect in parties plaintiff was not raised in the court below it is waived and cannot be urged on appeal.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered June 23, 1923, upon the verdict of a jury rendered in favor of the plaintiff, in an action for wrongful eviction. Modified.

*H. J. Snively,* for appellants.

*Holden, Shumate & Cheney* and *Richards, Gilbert & Fontaine,* for respondent.

FULLERTON, J.—On September 8, 1919, one Louie Fong leased to Joe Chung and L. S. Choi some forty acres of land in Yakima county for a period of five years commencing on the 1st day of January, 1920, at a rental of $1,000 per annum, $300 to be paid on July 1st and $700 on October 1st of each year. Water assessments against the land were to be paid by the lessees. At the end of the season of 1920, Choi surrendered his interest in the lease to Chung, who continued to cultivate the land in 1921, planting twenty-five acres to potatoes, ten acres to sugar beets, and about two acres to garden products. When the July payment of rental came due, Chung did not pay the rental, and on July 14th the Louie Fong Company, which had succeeded to the interest of Louie Fong, served upon him a notice to pay the rent and the water charges, or vacate the premises. On July 19, the rent not then having been paid, the Louie Fong Company began an action of unlawful detainer and caused a writ of restitution to be issued which was served on Chung on the 20th day of July, 1921. On July 25, 1921, Chung remaining in possession, the sheriff dispossessed him, putting his personal property in the road adjacent to the premises. Thereafter, on August 5, 1921, Chung tendered to Louie Fong Company the full amount due for rent and water charges on the land. On the same day a motion to quash the summons and writ of restitution was made by the defendant, and on August 6, 1921, the Louie Fong Company, as plaintiff, confessed the motion and upon that date caused a new summons and a new writ of restitution to be issued in the action.

At the time of the issuance of the writ of restitution, the plaintiff, Louie Fong Company, gave a bond as required by the statute in the sum of $3,000. Subsequently the court ordered it increased to $6,000, and a bond in that sum was given by the Louie Fong Company, with Louie Fong and the Fidelity & Deposit Company of Maryland as sureties. Subsequently the action of unlawful detainer came on for trial in the superior court for Yakima county before a jury, and the jury found for the defendant Chung. Thereupon a judgment was entered wherein it was adjudged that the defendant, Chung, was not guilty of unlawful detainer of the premises; that he was unlawfully evicted therefrom; that the lease was in full force and effect; that Louie Fong Company was not entitled to a writ of restitution for the premises and not entitled to the immediate possession thereof, and that the defendant, Chung, should recover his costs and disbursements therein.

Thereafter and on June 7, 1922, Chung brought the present action against the Louie Fong Company, a corporation, and Louie Fong and the Fidelity & Deposit Company of Maryland, a corporation, to recover the damages which he claimed he had sustained by reason of the unlawful eviction from the premises. The amended complaint, upon which the action was tried, sets forth two causes of action; one for damages in the sum of $11,965.20 for losses which he had sustained in the year 1921 by reason of the eviction, and the second in the sum of $4,500 damages for the loss of the lease for the years 1922, 1923 and 1924. The defendants for answer denied the material allegations of the complaint, and set up five affirmative defenses. The first of the affirmative defenses is that, prior to the issuance of the writ of restitution, Chung and Choi had forfeited the lease by failure to pay rental; the second, that Choi

had transferred his interest in the land to Chung without consent of the Louie Fong Company, and for that reason the lease was forfeited; the third, that in the judgment rendered in the action for unlawful detainer, no reservation of the question of damages being made, the respondent was thereby estopped to maintain the action; the fourth, that after the adjudication of the action for unlawful detainer, Chung and Choi had abandoned the lease; and the fifth (in the nature of a counterclaim) that a judgment had been obtained in the superior court for Yakima county in an action entitled N. S. Paik v. Joe Chung and Louie Fong Company, in the sum of $380.25 and $75 attorney's fees and costs, in foreclosure of a laborer's lien on crops grown on the land. The affirmative defenses were put in issue by denial, and a trial was had of the issues so presented before the court and a jury.

At the conclusion of the evidence, the court withdrew from the consideration of the jury the claim of damages as set forth in plaintiff's second cause of action for loss of the rental value of the premises for the years 1922, 1923 and 1924, and withdrew also the first four affirmative defenses set forth in the defendant's answer, leaving the fifth affirmative defense and counterclaim for the jury's consideration. Special interrogatories were submitted to the jury, which were answered as follows:

Interrogatory No. 1. Do you find the plaintiff suffered any damages from the loss of the crop of sugar beets?

Answer: Yes.

Interrogatory No. 2. State the amount.

Answer: $165.

Interrogatory No. 3. What value do you find the dwelling house built by plaintiff on the premises?

Answer: $250.

The jury returned a general verdict in the respondent's favor in the sum of $5,399.95. The appellants then moved for a new trial and for judgment notwithstanding the verdict, which motions were overruled, and on June 23, 1923, a judgment was entered in favor of respondent for the amount of $5,399.95, with interest at six per cent per annum and his costs and disbursements. From that judgment, the present appeal is taken.

The appellants first contend that the trial court was in error in allowing a recovery for the value of the house built upon the leased premises by the respondent. It appeared that, by the terms of the lease, the lessees were to ''construct and erect such buildings and improvements upon said premises as they may desire to construct for their convenient use thereof during said term, and at the end of said term shall have the privilege of removing such improvements from said premises as they may place thereon.'' Under these conditions of the lease, the house, as between the landlord and the tenant, did not become a part of the land, and the rule is that the right of a tenant to remove a building from leased premises is not terminated by summary proceedings which result in the tenant's dispossession. *Miller v. Hennessy,* 47 Misc. Rep. 403, 94 N. Y. Supp. 563. There was, therefore, no conversion of the house by the wrongful ejectment, and recovery cannot be had without a showing of subsequent conversion, of which there is nothing in the present record. However, the admission of the evidence in regard to the value of the house is not reversible error. Inasmuch as the jury, under the special interrogatories propounded, found its value, the verdict can be corrected by merely deducting the value.

The second contention is that the trial court erred in permitting the evidence as to what the crop would have

produced if it had been tended and had grown to maturity. The rule is established in this state that, in the case of loss of growing crops by the wrong of another, the measure of damages is the value of the crops at the time of the loss, which is estimated by determining the market value at the time of maturity and subtracting therefrom the cost of tilling, harvesting and marketing. *Berg v. Yakima Valley Canal Co.*, 83 Wash. 451, 145 Pac. 619, L. R. A. 1915D 292, and *Brace v. Pederson*, 115 Wash. 523, 197 Pac. 625. In order to estimate the market value at the time of maturity, it was necessary to determine what the crop would have produced if Chung had been permitted to continue to tend it until maturity, and evidence thought objectionable was admissible for that purpose.

The third contention is that the court erred in permitting one C. Reinig to testify as an expert. Mr. Reinig testified that he had seen the crop in question on two or three occasions, and that he had had experience in estimating the value of potato crops, although he had never actually raised potatoes or assisted in harvesting them. But a witness is not disqualified because he had never actually participated in or performed the work of raising and harvesting crops of the nature concerning which he testifies. "It is not necessary that the witness' knowledge of the fact to which he testifies should have been obtained in any particular manner." 40 Cyc. 2195. His want of experience was proper to be shown to affect the weight of his testimony, but it was not a ground for excluding it entirely.

The fourth contention is that the court erred in taking from the jury the first four of the affirmative defenses. The first and second of these defenses were issues in the forcible entry and detainer action, and are concluded by the judgment in that case.

The third defense is not available to the defendant in this form of action. It is well settled in this state that in an action of unlawful detainer a tenant may not counterclaim for damages suffered because of wrongful eviction. The reason for such a rule is expressed in *Phillips v. Port Townsend Lodge No. 6, Etc.,* 8 Wash. 529, 36 Pac. 476, wherein we said:

"The very object the legislature had in view in enacting the statute under which the appellants were proceeding was to afford a summary and adequate remedy for obtaining possession of premises withheld by tenants in violation of the covenants of their lease, and this object would be entirely frustrated if tenants were permitted to interpose every defense usual or permissible in ordinary actions at law. The statute prescribes that a tenant is guilty of unlawful detainer, after default in the payment of rent pursuant to the lease or agreement under which the property is held, and three days' notice, in writing, requiring its payment or possession of the property, shall have been served upon him. Laws 1891, p. 180. And when these facts are made to appear to the satisfaction of the court or jury upon the trial, the landlord is entitled to judgment for restitution of the premises, and also to judgment declaring the forfeiture of such lease or agreement, together with damages and the rent found due. In such proceedings counterclaims and offsets are not available. *Ralph v. Lomer,* 3 Wash. 401 (28 Pac. 760); *Warburton v. Doble,* 38 Cal. 619; *Kelley v. Teague,* 63 Cal. 68; *McSloy v. Ryan,* 27 Mich. 110; *Abrams v. Watson,* 59 Ala. 524; *People v. Walton,* 2 Thompson & C. 533."

Since the counterclaim for damages was inadmissible in the former action, that action does not constitute an adjudication of the question of damages, and no reservation of the question was necessary to make it available in this action.

The fourth of the defenses could only be a defense to the plaintiff's second cause of action, and since that

was withdrawn from the consideration of the jury it ceased to be material. There was no abandonment of the premises before the writ of restitution was issued, and it was only for damages suffered by reason thereof that a recovery was allowed.

The sixth contention is that the court erred in giving that part of instruction No. 3 wherein he told the jury that the respondent is entitled to recover at least nominal damages on the first cause of action. There are courts which maintain the rule that a tenant in an action for damages for a wrongful eviction is entitled to nominal damages in any case. *Schienle v. Eckels*, 227 Pa. St. 305, 76 Atl. 15. But conceding that our holdings are to the contrary, the fact that the jury returned substantial damages leaves the error without pertinence.

The seventh contention is that the court erred in instructing the jury to the effect that the respondent was entitled to the expense which he reasonably incurred in moving from the premises, and to the damages he suffered through loss of time. In case of wrongful eviction, the tenant is entitled to recover all the damages which reasonably resulted to him from the landlord's wrongful act. In the case of *Wade v. Herndl*, 127 Wis. 544, 107 N. W. 4, 5 L. R. A. (N. S.) 855, where the act of the landlord resulted in the eviction of a tenant, expenses incurred by the tenant in moving and loss of time on account of the removal were held proper elements of damage. We agree with the principle there announced and hold that the instruction in this instance was proper.

The eighth contention is that the evidence shows that the damages awarded were excessive and purely speculative. The verdict on its face does seem large, but an examination of the record shows that it was well within the evidence. Since the trial court refused to interfere with it, we do not feel called upon so to do.

The ninth contention is that the joint lessee Chung cannot recover individually, no assignment of the lease having been proven or attempted to have been proven. The appellants are in effect contending that there is a defect of parties plaintiff, and therefore no recovery is allowable. The question of defect of parties plaintiff was not raised in the court below and the objection is considered waived and cannot be urged on appeal. *Hannegan v. Roth,* 12 Wash. 695, 44 Pac. 256; *Budlong v. Budlong,* 48 Wash. 645, 94 Pac. 478.

For the error noticed, the judgment is modified with instructions to deduct $250 from the verdict and enter a judgment for the remainder.

MAIN, C. J., BRIDGES, PEMBERTON, and MITCHELL, JJ., concur.