[No. 27992. Department One. August 27, 1940.]

The Exeter Company, *Appellant*, v. Samuel Martin, Ltd., *et al., Respondents.*[1]

[1]Reported in 105 P. (2d) 83.

*Kerr, McCord & Carey, Stephen V. Carey,* and *J. L. Collins,* for appellant.

*T. M. Royce,* for respondents.

BLAKE, C. J.—March 11, 1933, plaintiff leased a storeroom to Samuel Martin, Ltd., for a term of five years commencing May 1, 1933, and ending April 30, 1938. The lease contained the following stipulation:

"If default shall be made in the payment of any installment of rent according to the provisions of this lease, or if default shall be made in the keeping of any other covenant or covenants herein contained to be kept and performed by Lessee, then and in such event it shall be lawful for Lessor, at its election, to declare said term ended and Lessor may re-enter the demised premises or any part thereof with or without

process of law and may expel and remove therefrom Lessee and every other person or persons occupying or being upon the same, using such force as may be necessary in so doing, and shall repossess and enjoy said premises again as of Lessor's first and former estate. Notwithstanding any re-entry by Lessor occasioned by any breach of the terms hereof by Lessee, the liability of Lessee for all unpaid rent provided for herein shall not be extinguished for the balance of the term of this lease and Lessee covenants and agrees to make good to Lessor any deficiency arising from a re-entry or reletting of the premises at a lesser rental than herein agreed to, . . ."

June 30, 1937, Martin vacated the premises, and on July 2nd following, plaintiff took possession. Rent for the months from January to June, 1937, inclusive, had not been paid.

Plaintiff brought this action to recover the rent for those months and also the stipulated rent for the balance of the term. Answering, the defendants set up two affirmative defenses: (1) Constructive eviction; (2) surrender pursuant to agreement had with D. H. Yates, secretary and property manager of plaintiff. By way of counterclaim, defendants asked for damages flowing from the eviction and interference with their occupancy during the month of January, 1937.

At the close of defendants' case, plaintiff moved that they be required to elect between their defenses of constructive eviction and surrender by agreement. The court granted the motion, and defendants elected to stand on the agreement to surrender. A verdict was returned in favor of defendants for $1,181.83. The court denied a motion for new trial on condition that defendants agree to accept judgment in the sum of $575.53. Defendants having accepted the condition, judgment was entered in their favor in that amount. Plaintiff appeals.

From what we have said, it is apparent that the is-

sue is whether appellant repossessed the property under the above quoted clause of the lease after abandonment and default by respondents or under an agreement for surrender entered into between respondents and Yates. Upon this issue, the evidence is in sharp conflict.

From respondents' version of the evidence, it appears that, on January 4, 1937, appellant, without their consent, tore out the front of the store for the purpose of modernizing it and the entrance to the building. The work was not completed until January 27th. In the meantime, ingress and egress were so obstructed and the show windows were so obscured that the premises had the appearance of being unoccupied. Respondents had advertised a sale to be held during the period in which the structural changes were made. On January 29th, respondents wrote appellant as follows: "Due to your interference with the entrance to our store, we are cancelling our lease as of this date." Respondents, however, remained in possession. March 10th, they presented to appellant a claim of damages for $2,060.04. As an outgrowth of the negotiations which followed, respondents testified that an agreement for surrender of the lease was entered into with Yates. Briefly, according to respondents, the terms agreed on were that respondents might remain in possession until June 30th, and that rent accruing from January 1st until that time should be offset against the damages sustained by respondents because of the interference with the occupancy occasioned by the construction work.

Appellant does not question that respondents' evidence was sufficient to take the case to the jury upon the fact of the making of such agreement by Yates. It does question the sufficiency of the evidence to show authority in Yates to make any such agreement.

■ It is conceded that no express authority is shown. But respondents contend that there was sufficient evidence of apparent authority to make the issue one for the jury. Appellant contends that a rental agent has no implied authority to make or cancel leases. This may be conceded. But Yates was much more than a mere rental agent of appellant. He was its secretary. As such, he executed the lease in question. He was in charge of the company's offices which were maintained in the building in which the demised premises were located. He negotiated for leases of appellant's properties. He was the only representative of the company who came in contact with its tenants. In short, he was manager in fact, if not in name, of the appellant's real estate holdings. We think, under the evidence, the jury was warranted in finding that Yates had apparent authority to enter into an agreement for the surrender of the lease. *Commercial Hotel Co. v. Brill,* 123 Wis. 638, 101 N. W. 1101. See also: *Livieratos v. Commonwealth Security Co.,* 57 Wash. 376, 106 Pac. 1125; *Brace v. Northern Pac. R. Co.,* 63 Wash. 417, 115 Pac. 841, 38 L. R. A. (N. S.) 1135; *Peninsular Sav. & Loan Ass'n v. Breier Co.,* 137 Wash. 641, 243 Pac. 830; *Mercy v. Hall & Son, Inc.,* 177 Wash. 338, 31 P. (2d) 1009.

■ Appellant further contends: (1) That the agreement for surrender of the lease, being oral, is void under the statute of frauds; and (2) that the agreement was without consideration. As to the first contention: The agreement was executed when respondents relinquished possession and the appellant reentered the premises. Therefore, notwithstanding it rested in parol, it was not void under the statute of frauds. *Hart v. Pratt,* 19 Wash. 560, 53 Pac. 711. As to the second: The relinquishment by appellant and respondents of their mutual rights under the lease

is sufficient consideration to support the agreement of surrender. *Ettlinger v. Kruger,* 76 Misc. 540, 135 N. Y. Supp. 659; *Eggers v. Paustian,* 184 Iowa 1250, 169 N. W. 739. See, also, 1 Am. Jur. 988; *La Plante v. Hubbard,* 125 Wash. 621, 217 Pac. 20; *Hunters Cattle Co. v. Carstens Packing Co.,* 129 Wash. 377, 225 Pac. 68.

Appellant makes numerous other assignments of error, two of which we think call for a new trial.

■ When respondents elected to stand on the agreement for surrender, appellant moved that the issue of constructive eviction be withdrawn from the jury. The court advised counsel that it would so instruct the jury in giving its instructions at the close of the testimony. This the court not only failed to do, but injected the issue by giving an instruction defining constructive eviction. Either in its instructions to the jury or at the time respondents elected to stand on the agreement for surrender, the court should have specifically withdrawn the issue of constructive eviction from the jury. Under the issues as made at the trial, respondents are entitled to recover damages only on the theory of interference with their occupancy of the premises—not on the theory of constructive eviction.

■ The court instructed the jury that, if they should find for appellant, they should allow as damages "the difference between the rent reserved in the lease and the reasonable rental value for the unexpired term." Elsewhere, the court correctly instructed the jury that, under a covenant such as that hereinbefore quoted, the lessor is entitled to recover the rent reserved to the end of the term less the amount actually received from subsequent tenants during the remainder of the term, provided it makes an honest and reasonable attempt to relet. 1 Tiffany, Landlord and Tenant, 1176; *Metropolitan Nat. Bank v. Hutchinson*

*Realty Co.,* 157 Wash. 522, 289 Pac. 56; *Pollock v. Ives Theatres,* 174 Wash. 65, 24 P. (2d) 396; *Grommes v. St. Paul Trust Co.,* 147 Ill. 634, 35 N. E. 820, 37 Am. St. 248. The portion of the instruction just above quoted was prejudicially erroneous.

The judgment is reversed, and the cause remanded with directions to grant appellant's motion for new trial.

MAIN, MILLARD, ROBINSON, and SIMPSON, JJ., concur.

