[No. 34164. Department Two. July 18, 1957.]

NELSON EQUIPMENT COMPANY, *Respondent*, v. G. A. ESTEP, *Appellant*.[1]

*Harcourt M. Taylor*, for appellant.

*Johnson, Dafoe & Jonson* (*William L. Dafoe*, of counsel), for respondent.

ROSELLINI, J.—This action was brought to recover the balance due on a conditional sale contract covering certain excavating equipment which the defendant had purchased for use on his LeRoi "Tractair" (power tractor). The defendant cross-complained for cancellation of the contract, alleging that the plaintiff had breached an implied warranty of fitness and had induced the sale by misrepresentation. The cause was tried to the court. No finding was proposed regarding the alleged misrepresentation, and the court made none. No argument is made on this issue, and we deem that portion of the cross-complaint abandoned.

The court found it unnecessary to decide whether the sale carried an implied warranty of fitness, since it was determined from the greater weight of the evidence that the equipment was capable of performing the type of excavation for which it was purchased and that the defendant, in making the purchase, had relied upon his own skill and judgment. The cross-complaint was dismissed,

[1]Reported in 313 P. (2d) 679.

and judgment was accordingly entered in favor of the plaintiff.

On appeal, the defendant contends that the finding of fitness is not justified by the evidence, but a review of the record reveals that there is ample evidence to support it. The evidence regarding the performance of the equipment was in conflict, and the decision on this issue was a matter of determining the credibility of the opposing witnesses. Witnesses for the defendant testified that the equipment lacked power; whereas, those appearing on behalf of the plaintiff testified that the equipment was in good operating condition just after it was attached to the Tractair and when it was returned to the defendant. They stated that, in their opinion, if the equipment failed to function properly, it was due to the inexperience of the operator. The court chose to believe the latter. We cannot say as a matter of law that it made the wrong choice. The findings of the trial court, made on conflicting evidence, are entitled to great weight and will not be disturbed on appeal unless the court can say that the evidence preponderates against them. *Olsson v. Hansen, ante* p. 199, 310 P. (2d) 251; *Brooks v. Warner, ante* p. 99, 309 P. (2d) 757. This is not such a case.

An employee of the plaintiff, who had operated a shovel for two years and who, for the past three years, had been employed to service the equipment sold by the company and to instruct operators in its use, testified that, in his opinion, an operator who had no previous experience and who had operated a Henry Back Hoe for only three days would not be qualified as a semiskilled operator. The defendant objected that this witness was not qualified as an expert because he admitted that he was not an "expert" operator of the Henry Back Hoe. The court stated that the objection to this witness' qualifications went only to the weight to be given to his testimony. In this, the court was correct. *Sears, Roebuck & Co. v. Grant,* 49 Wn. (2d) 123, 298 P. (2d) 497; *Chung v. Louie Fong Co.,* 130 Wash. 154, 226 Pac. 726.

614

Since we have determined that the court was justified in finding that the equipment was not defective but was fit for its intended use, we need not consider the other assignments of error, which relate to the admission of evidence on the issue of reliance.

The judgment is affirmed.

HILL, C. J., SCHWELLENBACH, DONWORTH, and FOSTER, JJ., concur.