[No. 39565.    Department One.    January 3, 1969.]

M. E. MYERS *et al., Respondents,* v. WESTERN FARMERS ASSOCIATION *et al., Appellants.**

R. *Maurice Cooper* and *Macbride & Sax* (*Kenneth G. Burrows,* of counsel), for appellants.

*Randolph S. Palmer,* for respondents.

ROSELLINI, J.—On September 20, 1957, the respondents entered into a written lease, prepared by the lessors, which contemplated that a building to be constructed by the respondents would be used as a hardware store, but did not expressly require it, and which provided for a flat minimum rental plus a percentage of the profits.

*Reported in 449 P.2d 104.

On October 31, 1960, the respondents consented to an assignment of the lease to the appellants Higgins, reserving their rights against the original lessee. Shortly thereafter, the appellant Western Farmers Association purchased the rights and succeeded to the liabilities of the original lessee.

On September 4, 1965, without any notification to the respondents, the appellants Higgins vacated the leased premises and moved their hardware business to another location, where they continued as hardware merchants.

The respondents asked for the keys to the vacated premises, and when the appellants Higgins were unable to locate all of them, the respondents told them that they would have the locks changed. This was done, and a key was left with the respondents' attorney for the use of the appellants.

The appellants Higgins paid the rent for the month of October 1965 but did not pay any rent thereafter. The respondents notified the appellant Western Farmers Association that they would hold that association liable for the rent. They also endeavored, without success, to find another tenant for the building.

This action for the unpaid rent and for reimbursement for repairs was commenced August 26, 1966. The Western Farmers Association cross-complained against the appellants Higgins, its assignees. The trial court gave judgment for the respondents against both appellants for the accrued basic rental and override and for the basic rental for the balance of the term, as well as for the amount of the alleged repairs. Western Farmers Association was given judgment over against the appellants Higgins.

The first contention on appeal is that the trial court erred in refusing to find that the appellants Higgins were constructively evicted when the respondents changed the locks on the doors.

■ A constructive eviction occurs when there is an intentional or injurious interference by the landlord or those acting under his authority, which deprives the tenant of the means or the power of beneficial enjoyment of the

demised premises or any part thereof, or materially impairs such beneficial enjoyment. *Coulos v. Desimone,* 34 Wn.2d 87, 208 P.2d 105 (1949). Whether there has been such an eviction is, of course, generally a question of fact to be determined by the trier of the facts.

The only evidence which would tend to show a constructive eviction was the evidence that the respondents had the locks changed after the appellants Higgins had moved out of the leased premises. The respondent husband testified that he did so because there were outstanding keys which the appellants Higgins could not account for; also, that he figured that the appellants Higgins had abandoned the sublease and that the lease had reverted back to the Western Farmers Association. He testified further that he offered a key to an officer of the association, who said that he would rather that the key were left with the respondents' attorney.

While the appellant husband testified that he had intended to use the premises for the sale of certain items, he did not suggest that he had made this intention known to the respondents or ever asked for access to the building for any purpose, except on one occasion when he was showing fixtures to a prospective purchaser. On another occasion he gave permission to a group of citizens to use the store for an art show.

The evidence showed that the respondents were eager to have the building occupied, since that was the only way that they could obtain their override. There was no evidence of an intent to evict, or of any interference with the appellants' use of the premises, other than the slight inconvenience of requiring them to ask for a key. The trial court was justified in finding that there was no constructive eviction.

■ It is next claimed that the trial court erred in allowing the respondents the amount which they claimed as reimbursement for repairs. The argument is that the claim was not substantiated by documentary evidence. No authority is cited for the proposition that such evidence is necessary. The contention not being well taken on its face,

we will not consider it. *State v. Gregory,* 73 Wn.2d 537, 439 P.2d 400 (1968).

■ The appellants claim that the respondents failed to mitigate their damages. Assuming that the appellants are correct that the respondents were required to do so under the circumstances, the contention is nevertheless without merit, as there is substantial evidence to support the trial court's finding that the respondents had endeavored to rent the premises to others. An honest and reasonable effort is all that is required. *Exeter Co. v. Samuel Martin, Ltd.,* 5 Wn.2d 244, 105 P.2d 83 (1940).

The appellants maintain that the respondents unreasonably refused to rent the premises for any use other than as a hardware store, but the record does not show this to be the fact. The respondents were unwilling to rent it for use other than as a hardware store under the existing lease, but they were willing to negotiate a new lease if a tenant could be found.

■ There is one contention of the appellants which, though unsupported by citation of authority, has merit on its face. This is that the trial court erred in giving a judgment which in effect accelerated the due dates of the rent which had not accrued at the time of the judgment. Since the lease does not contain an acceleration clause, this was error. *Bernard v. Triangle Music Co.,* 1 Wn.2d 41, 95 P.2d 43, 126 A.L.R. 558 (1939).

The best that the court could do for the respondents on the record before it was to give judgment for the accrued rent and declare that the lease was valid and subsisting. The court did decree that the appellants were entitled to possession for the balance of the term. It did not make any provision for the recovery of unaccrued override based on profits, but the respondents do not complain of that.

Since the term of the lease has now expired, it would serve no useful purpose to require the respondents to bring another action for the balance of the rent which had not accrued at the time of the judgment. The cause is therefore remanded with directions to modify the judgment entered

with a provision that interest shall be calculated on each installment of rent from the date that it became due. This assumes, of course, that the appellants were left in quiet possession throughout the remainder of the term. There has been no suggestion that there was any interference with that possession on the part of the respondents.

In all other respects, the judgment is affirmed.

FINLEY, C. J., WEAVER and McGOVERN, JJ., and POYHONEN, J. Pro Tem., concur.