[No. 43142. En Banc. February 26, 1976.]

LIL IVERSON, *Appellant*, v. MARINE BANCORPORATION, *Respondent*.

*Lil Iverson*, pro se, and *Arthur G. Barnett* and *Herbert I. Lakefish*, for appellant.

*Graham, McCord, Dunn, Moen, Johnston & Rosenquist*, by *Hans C. H. Jensen*, for respondent.

FINLEY, J.—This is an appeal by the plaintiff from an

award of $1,000 in damages by the King County Superior Court for a wrongful eviction.

The sole issue is whether the award was inadequate and constituted an abuse of discretion by the trial court. We hold that the record substantiates the award, and consequently there was no abuse of discretion by the trial court.

A rather full statement of the facts coupled with references to certain pertinent legal proceedings is necessary to facilitate understanding this appeal.

Before the initiation of an unlawful detainer action by Marine Bancorporation, Ms. Lil Iverson properly was notified by Bancorporation to vacate her apartment by October 31, 1967. She contacted an attorney at the Legal Services Center in Seattle to have the termination of her tenancy delayed for a period of time. The attorney from Legal Services and counsel for Bancorporation orally agreed to postpone the termination date on certain conditions. By letter dated December 13, 1967, Bancorporation agreed to suspend further proceedings in connection with a writ of restitution until after December 31, 1967, if Ms. Iverson would (1) file a general appearance in the action for unlawful detainer, (2) waive any defects in service of the summons and complaint, (3) agree to vacate the apartment by the end of the year, and (4) not cause any public demonstration or file any claim against Bancorporation arising out of the termination of her tenancy.

On December 20, 1967, Ms. Iverson's attorney advised Bancorporation by letter that Ms. Iverson had revoked his authority to file a general appearance in the action per the oral agreement and that he was withdrawing as counsel. Bancorporation then obtained a writ of restitution on December 20, 1967, and Ms. Iverson was evicted from her apartment on December 27, 1967. Her personal belongings were placed on the sidewalk in front of her apartment and she maintained surveillance overnight of her goods and effects located on the sidewalk. At her request, a moving and storage company picked up her goods and effects the following day. Initially, she was charged $153 for cartage,

$155.18 for warehouse handling, and from December 28, 1967, until July 28, 1970, she was charged $51.73 for storage per month. Including insurance, her bill totaled $1,935.06.

Lil Iverson contacted other counsel to represent her in the unlawful detainer action commenced by Bancorporation. In that action the trial court, noting that there might be at best an anticipatory breach of the agreement, nevertheless held that she had a right to rely on the letter of December 13, 1967, stating that she could occupy the premises until December 31, 1967. Accordingly, the court ruled that the complaint for unlawful detainer was not sustained and rendered judgment for Ms. Iverson on June 12, 1970.

Ms. Iverson then brought suit to recover damages and was awarded $1,000 on August 14, 1970, for "moving expenses, costs of relocation, loss of opportunity and pain and suffering." Subsequently, her attorney filed a notice of claim of attorney's lien in the amount of $1,050. She then sought to proceed in forma pauperis on appeal, and in *Iverson v. Marine Bancorporation*, 83 Wn.2d 163, 517 P.2d 197 (1973), the court granted her request.

In the present appeal, Ms. Iverson contends as indicated above that the award of $1,000 was grossly inadequate because (1) her litigation expenses were incurred as a natural consequence of the wrongful eviction, (2) damages for humiliation and suffering could not have been included in the amount awarded by the court if the $1,000 was for legal fees, (3) she was not able to pay the storage bill because the damage award was insufficient, and (4) she should receive storage costs for 3 years, or alternatively, damages for loss of the use of her possessions.

In this jurisdiction, it is the general rule that attorney fees are not ordinarily recoverable except pursuant to statute or under a contractual obligation. *Weiss v. Bruno*, 83 Wn.2d 911, 912, 523 P.2d 915 (1974). The record reflects no statutory, contractual, or equitable basis upon which attorney fees may be awarded. Thus excluding the matter of attorney fees, the damages awarded, as indicated by the

trial court, embraced the element of humiliation and suffering.

In a case of wrongful eviction, the tenant is entitled to recover all the damages that reasonably flowed from the landlord's wrongful act, including the expense of moving. *McKennon v. Anderson*, 49 Wn.2d 55, 62, 298 P.2d 492 (1956); *Chung v. Louie Fong Co.*, 130 Wash. 154, 162, 226 P. 726 (1924). Damages must be proved with reasonable certainty or supported by competent evidence in the record. *Chung v. Louie Fong Co., supra* at 162; *Aro Glass & Upholstery Co. v. Munson-Smith Motors, Inc.*, 12 Wn. App. 6, 11, 528 P.2d 502 (1974). An honest and reasonable effort to mitigate damages is required. *Myers v. Western Farmers Ass'n*, 75 Wn.2d 133, 136, 449 P.2d 104 (1969).

In arriving at the award of $1,000, the trial court indicated in its oral opinion that it included the cost of transportation of her personal effects to the storage company and rental for a few months. Ms. Iverson had a duty to mitigate her damages by removing her goods from storage within a reasonable time period. Instead, she left her personal effects in storage and failed to make a reasonable effort to mitigate her damages. Thus, she cannot be heard to complain that the damage award was insufficient because the storage bill was too high.[1]

If Ms. Iverson had continued with her attorney from Legal Services, and if she had acted immediately by initiating a lawsuit for damages for wrongful eviction, the damages awarded very possibly would have been sufficient to cover the storage costs, and she would not have been burdened with attorney fees.

Finally, her contention that she should recover damages for loss of use of her possessions during this period of time lacks merit. The loss of use was only remotely related to the wrongful eviction. It occurred directly and essentially as a result of *her decision* to store the goods and her subse-

---

[1] As of the time of the argument on appeal, Ms. Iverson's goods still remained in storage.

quent failure to pay for the costs of storage and thereby regain possession and use of her goods and effects. *See Aro Glass & Upholstery Co. v. Munson-Smith Motors, Inc., supra* at 12. The record before us does not support the proposition that the trial court abused its discretion in awarding Ms. Iverson $1,000 for damages for wrongful eviction.

Essentially, Ms. Iverson was the author of most of her own difficulties. This assuredly can be said of the substantial expenses she incurred for storage. These certainly were not mitigated, but were augmented significantly by her apparent penchant, or her preference for debate and controversy instead of reasonable resolution and settlement of her differences with Bancorporation.

Finally, it should be said that the protracted litigation of this matter, particularly this appeal, is little more than a medium-sized tempest in a teapot.

The judgment of the trial court is affirmed.

STAFFORD, C.J., and ROSELLINI, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., concur.

HUNTER, J., concurs in the result.