**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

GREG GRIMES, an individual; and
GREG GRIMES LLC, a Washington
Limited Liability Company,

                Appellant,

    v.

ROD GRIMES, individually and the
marital community composed thereof,
LOLA GRIMES, individually and the
marital community composed thereof,
STEPHEN GRIMES, individually and
the marital community composed
thereof, KATY GRIMES, individually
and the marital community composed
thereof, ANDREW GRIMES,
individually, JUDGE HENRY
RAWSON, individually and the marital
community composed thereof, DAVID
GECAS, individually and the marital
community composed thereof, TODD
WYATT, individually and the marital
community composed thereof, WYATT
DEBENEDETTI PLLC, and SHERIFF
TONY HAWLEY, individually and the
marital community composed thereof,
and OKANOGAN COUNTY,
WASHINGTON,

                Respondents.

No. 83846-6-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — In 2018, Rod Grimes brought an unlawful detainer action in Okanogan County Superior Court and had his brother, Greg Grimes, evicted from the property on which Greg grew commercial cannabis. Greg Grimes and his company, Greg Grimes, LLC (Greg), then sued Rod and family members, Lola, Katy, Stephen, and Andrew Grimes, in King County Superior Court claiming wrongful eviction. Greg also sued Rod's lawyers, Todd Wyatt, and Wyatt DeBenedetti, Okanogan County Superior Court Judge Henry Rawson, Okanogan County Sheriff Tony Hawley, and Okanogan County prosecutor, David Gecas, alleging they conspired with Rod and his family in the wrongful eviction. Greg appeals the trial court's order granting the defendants' motion to dismiss for failure to state a claim under CR 12(b)(6). Greg argues that the trial court erred by dismissing his claims and awarding sanctions under CR 11.[1]

We affirm and award the respondents their attorney fees on appeal.

I.

Greg and Rod are brothers. In 2015, Greg and Rod entered into a joint business venture for the cultivation, processing, and sale of licensed cannabis products. Greg and Rod entered into separate farm lease agreements for neighboring properties owned by the same landowners. The brothers operated separate cannabis grow operations on their leased property. Each brother had an option to purchase the entire property during the term of their leases.

---

[1] Because Greg and Rod share the same last name, we refer to them using their first names. We mean no disrespect.

In June 2017, Rod gave Greg 90 days' notice of his intent to withdraw from the business partnership. Rod then exercised his option to purchase the entire property leased by both brothers from the landowners. Rod and the landowners entered into a real estate contract in September 2017.

In June 2018, Greg sued Rod in Okanogan County Superior Court over monetary issues arising from their partnership and to quiet title to half of the property. Rod then filed an unlawful detainer action against Greg. The two cases were consolidated.[2]

On August 6, 2021, Judge Rawson granted Rod's motion for partial summary judgment and issued a writ of restitution. Under the writ, the eviction was set to occur on August 19, 2021. Greg moved to have the order certified for immediate appeal under CR 54(b) and for a stay of execution. On Friday, August 27, 2021, Judge Rawson denied Greg's motions and issued an order which stated:

> The Writ of Restitution issued by the Clerk, at the direction of this Court, shall be followed. No further hearings or motions before this Court shall stop or stay the enforcement of this Court's Orders or the Clerk's Writ of Restitution unless the Sheriff receives a written Order of this Court stating as such. The scheduled eviction on August 30, 2021 SHALL PROCEED.

At 9:41 a.m. on Monday August 30, 2021, Greg filed a notice for discretionary review of the August 6 order and provided e-mail notice to Todd Wyatt, attorney for Rod. At 9:42 a.m., Greg filed notice of cash supersedeas with the clerk of the court, again with e-mail notice to attorney Wyatt.[3] Greg paid $11,025.00 cash to the clerk.

---

[2] A third case was filed by several members of the Grimes family for unpaid wages from work performed during the brothers' joint business venture. This case was consolidated with the other two cases.

[3] Division Three of this court denied Greg's motion for discretionary review on December 6, 2021. See No. 38414-4-III.

The sheriff's office proceeded with the eviction at 10:00 a.m. and the property was restored to Rod.

Greg then sued Rod, members of Rod's family,[4] Rod's attorney Todd Wyatt and his law firm, Judge Rawson, Okanogan County Prosecutor David Gecas, and Okanogan County Sheriff Todd Hawley in King County Superior Court. By amended complaint, Greg sued all the defendants for wrongful eviction, and for damages to land and property under RCW 4.24.630.[5] Greg also sued Judge Rawson and Sherriff Hawley under 42 U.S.C. § 1983.

The defendants moved to dismiss Greg's complaint for failure to state a claim under CR 12(b)(6). Before the hearing, Sheriff Hawley and prosecutor Gecas were dismissed by stipulation.

After oral argument, the trial court granted the defendants motions to dismiss and awarded attorney Wyatt $4,752.00 in attorney fees under CR 11. After unsuccessfully seeking reconsideration, Greg appeals.

II.

We review a trial court's dismissal for failure to state a claim under CR 12(b)(6) de novo. Wash. Trucking Ass'n v. Emp't Sec. Dep't, 188 Wn.2d 198, 207, 393 P.3d 761 (2017). "A CR 12(b)(6) motion challenges the legal sufficiency of the allegations in a complaint." McAfee v. Select Portfolio Servicing, Inc., 193 Wn. App. 220, 226, 370 P.3d

---

[4] Rod's family includes his wife Lola Grimes, his son Stephen Grimes, his daughter-in-law Katy Grimes, and his son Andrew Grimes. Below, the family collectively moved to dismiss. On appeal, the family and their attorney/respondent Todd Wyatt have submitted one response brief.

[5] RCW 4.24.630(1) allows for treble damages against anyone that goes onto the land of another and causes certain types of injury or waste.

25 (2016). Granting a motion to dismiss is "appropriate only when it appears beyond doubt that the plaintiff cannot prove any set of facts that would justify recovery." Wash. Trucking, 188 Wn.2d at 207. The facts alleged in the complaint are presumed true, however, the court need not accept the legal conclusions as true. Haberman v. Wash. Pub. Power Supply Sys., 109 Wn.2d 107, 120, 744 P.2d 1032 (1987).

## A.

Greg argues that the trial court erred in dismissing his claim for wrongful eviction because he filed a cash supersedeas which triggered a stay of the eviction. We disagree.

Under RAP 8.1(b), parties have "the right to stay enforcement of a money judgment or a decision affecting real, personal or intellectual property, pending review." For decisions affecting property, "a party may obtain a stay of enforcement of a decision . . . by filing in the trial court a supersedeas bond or cash, or alternate security approved by the trial court." RAP 8.1(b)(2). "Upon the filing of a supersedeas bond, cash or alternate security approved by the trial court . . . enforcement of a trial court decision against a party furnishing the bond, cash or alternate security is stayed." RAP 8.1(d)(2).

Greg argues that because he followed the procedure outlined in RAP 8.1(b)(2), the writ of restitution was stayed and the eviction could not go forward.

But the writ of restitution was entered in an unlawful detainer action which contains a separate process for an appeal and stay of proceedings:

> A party aggrieved by the judgment may seek appellate review of the judgment as in other civil actions: PROVIDED, That if the defendant appealing desires a stay of proceedings pending review, the defendant shall execute and file a bond, with two or more sufficient sureties to be approved by the trial judge, conditioned to abide the order of the court,

and to pay all rents and damages justly accruing to the plaintiff during the pendency of the proceeding.

RCW 59.12.200 (emphasis added).

While Greg acknowledges the process outlined in RCW 59.12.200, he asserts that any conflict between RAP 8.1 and RCW 59.12.200 should be harmonized or the procedural court rule should prevail. Greg's argument ignores that our Supreme Court has made it clear that RAP 8.1 does not supersede the requirements of RCW 59.12.200. "RCW 59.12.200 affects relief available under Rules 8.1 and 8.3, and is retained." Comment to RAP 18.22.

Greg did not follow the process outlined in RCW 59.12.200: he did not file a bond, have two or more sufficient sureties, or obtain judicial approval. Because Greg failed to stay the writ of restitution his claim for wrongful eviction lacked merit.

Further, even where a tenant proves wrongful eviction, "the tenant is entitled to recover all the damages that reasonably flowed from the landlord's wrongful act." Iverson v. Marine Bancorporation, 86 Wn.2d 562, 565, 546 P.2d 454 (1976) (citing McKennon v. Anderson, 49 Wn.2d 55, 62, 298 P.2d 492 (1956) (emphasis added). A "landlord is the owner or manager of property that it lets to a tenant." Seattle Hous. Auth. v. City of Seattle, 3 Wn. App. 2d 532, 540, 416 P.3d 1280 (2018). The only "landlord" in this case would be Rod. Greg's wrongful eviction claim could not be asserted against Judge Rawson, attorney Wyatt, or members of Rod's family.

Because Greg could prove no facts consistent with the complaint that he was wrongfully evicted, the trial court did not err in dismissing his wrongful eviction claim.[6]

B.

Greg argues that the trial court erred in dismissing his claim that the defendants committed waste under RCW 4.24.630(1). We disagree.

Under RCW 4.24.630(1),

> Every person who goes onto the land of another and who removes timber, crops, minerals or other similar valuable property from the land, or wrongfully causes waste or injury to the land . . . is liable to the injured party for the treble amount of the damages caused by the removal, waste, or injury.

The statute also explains, "a person acts 'wrongfully' if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act." RCW 4.24.630(1). While there are three types of conduct that establish liability under RCW 4.24.630, "[p]resence on the land is required for all three." Clipse v. Michels Pipeline Constr., Inc., 154 Wn. App. 573, 578, 225 P.3d 492 (2010).

In his complaint, Greg asserted that the defendants "acting in concert caused the destruction of Plaintiff's crops." Nowhere in Greg's complaint did he assert that Judge Rawson entered the land.[7] Greg also did not assert that attorney Wyatt entered the

---

[6] Greg's assertions that the defendants conspired or aided and abetted his illegal eviction rested on conclusory allegations not supported by facts. The only facts asserted by Greg were that the defendants ignored the filings made 18 minutes before the scheduled eviction and allowed the eviction to proceed. But as discussed above, Greg had not followed the proper procedure to stay the writ of restitution. This court need not accept Greg's legal conclusions as true and Greg has not alleged facts that support a claim of conspiracy. Haberman, 109 Wn.2d at 120.

[7] In his opening brief, Greg does not specifically address the dismissal of this claim against Judge Rawson.

land.  Instead, Greg asserted, "On information and belief, Defendant Todd Wyatt aided and abetted his client's tortious conduct of going onto the property following Defendant Sheriff Tony Hawley's eviction of Plaintiffs with other members of his family and destroying Plaintiff's crops in violation of RCW 4.24.630."  But Greg did not assert any facts that would support this argument.

Finally, as for Rod and his family, Greg's complaint asserted, "[i]mmediately following the sheriff's illegal eviction of Plaintiffs, Defendant Rod Grimes and members of his family went onto that portion of the Real Property formerly occupied by Plaintiffs and destroyed Plaintiffs' crops in violation of RCW 4.24.630."[8]  But Rod was the owner of the property and had a facially valid writ of restitution from the clerk of the court restoring the property to him when he went on the property.  And, as discussed above, Greg had not "automatically stayed" the writ of restitution on the morning of August 30, 2020.  Thus, Greg has not presented facts that Rod acted wrongfully as required by the statute.  And if Rod did not act wrongfully because he acted under a facially valid order, neither did his family members.  Thus, the trial court did not err in dismissing Greg's claims of waste under RCW 4.24.630.

## C.

Greg failed to address his claims for violating 42 U.S.C. § 1983 in his opening brief.  An appellant's brief must contain "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record."  RAP 10.3(a)(6).

---

[8] Greg's amended complaint made only one other reference to Rod's family: that they filed an action for unpaid wages during the joint business venture.

An appellate court will not consider a claim of error that a party fails to support with legal argument in her opening brief. Mellon v. Reg'l Tr. Servs. Corp., 182 Wn. App. 476, 486, 334 P.3d 1120 (2014) (citing Howell v. Spokane & Inland Empire Blood Bank, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991)).

Greg's failure to argue against the trial court's decision for failure to state a claim on this issue waives any argument on those claims.

III.

Greg argues that the trial court erred by awarding attorney fees under CR 11 to Wyatt because the claims were brought in good faith. We disagree.[9]

We review sanctions awarded under CR 11 for abuse of discretion. Kilduff v. San Juan County, 194 Wn.2d 859, 874, 453 P.3d 719 (2019). "A trial court abuses its discretion if a decision is manifestly unreasonable or based on untenable grounds or untenable reasons." Skagit County Pub. Hosp. Dist. No. 304 v. Skagit County Pub. Hosp. Dist. No. 1, 177 Wn.2d 718, 730, 305 P.3d 1079 (2013).

CR 11 authorizes sanctions for baseless filings or filings made for an improper purpose. Bryant v. Joseph Tree, 119 Wn.2d 210, 219, 829 P.2d 1099 (1992). The rule's purpose "is to deter baseless filings and to curb abuses of the judicial system." Bryant, 119 Wn.2d at 219. A filing is "baseless" when it is not well grounded in fact or law. MacDonald v. Korum Ford, 80 Wn. App. 877, 883-84, 912 P.2d 1052 (1996). By signing a pleading, a party certifies that "it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of

_____

[9] Greg did not include the order and judgment imposing the fee award in his notice of appeal and he presents no argument on the amount of the award itself, thus we decline to consider it.

litigation." CR 11(a)(3). "A violation of CR 11 'is complete upon the filing of the offending paper; hence an amendment or withdrawal of the paper, or even a voluntary dismissal of the suit, does not expunge the violation.'" In re Recall of Piper, 184 Wn.2d 780, 788, 364 P.3d 113 (2015) (quoting Biggs v. Vail, 124 Wn.2d 193, 199-200, 876 P.2d 448 (1994)).

The trial court granted Wyatt's request for sanctions against Greg under CR 11. In doing so, the trial court found, and Greg acknowledged, that no Washington case law supported the "claim that they may bring a civil suit for damages individually against Rod Grimes' lawyers, in their capacity as his lawyers, for the alleged wrongdoing of their client." The trial court found that the out of state authority cited by Greg did not apply.[10] Thus, the claims were not warranted under existing law, and Greg advanced no good faith arguments to establish new law.

---

[10] Greg cited out of state authority where attorneys were sued by their own clients or owed a fiduciary duty to a third party. Hefferman v. Bass, 467 F.3d 596, 597 (7th Cir. 2006) (reversing dismissal of claims against plaintiff's attorney for legal malpractice and aiding and abetting business partner's fraud); Rickley v. Goodfriend, 212 Cal. App. 4th 1136, 1148, 151 Cal. Rptr. 3d 683 (upholding amendment of complaint to assert conspiracy claim against attorneys because they owed independent duties to plaintiffs to not interfere with remediation plan and to disburse funds from trust account in a fair manner); Sender v. Mann, 423 F. Supp. 2d 1155, 1173-74 (D. Colo. 2006) (trustee permitted to pursue claims against law firm that did legal work for debtor for aiding and abetting breach of fiduciary duty to creditors). Greg also cited Anstine v. Alexander, 128 P.3d 249, 255 (Colo. App. 2005) for the proposition that a corporation's attorneys could be liable to corporation's creditors. But the Supreme Court of Colorado reversed, holding bankruptcy trustee lacked standing to sue attorney defendants for aiding and abetting the corporation president because creditors are not owed general fiduciary duties. Alexander v. Anstine, 152 P.3d 497, 498-99 (Colo. 2007). The remaining cases cited by Greg reflect wrongdoing by attorneys and law firms that amounted to fraud. Morganroth & Morganroth v. Norris, McLaughlin & Marcus, PC, 331 F.3d 406, 408-09 (3d Cir. 2003) (reversing dismissal where complaint alleged that attorneys actively, knowingly, and intentionally participated in client's unlawful efforts to avoid execution of judgment over several years); Likover v. Sunflower Terrace II, Ltd., 696 S.W.2d 468, 472 (Tex. App. 1985) ("An attorney is liable if he knowingly commits a fraudulent act that injures a third person, or if he knowingly enters into a conspiracy to defraud a third person.").

Because we agree that there was no basis for the claims asserted against Wyatt, we conclude that the trial court did not abuse its discretion in awarding fees as sanctions under CR 11.

IV.

The respondents request attorney fees and costs on appeal under RAP 18.9(a). This court has discretion to award attorney fees on appeal under RAP 18.1(a) where authorized by applicable law. RAP 18.9(a) permits an appellate court to award a party attorney fees as sanctions, terms, or compensatory damages when the opposing party files a frivolous appellate action. Reid v. Dalton, 124 Wn. App. 113, 128, 100 P.3d 349 (2004). An appeal is frivolous if, considering the entire record, the court is convinced that the appeal presents no debatable issues on which reasonable minds might differ, and that the appeal is so devoid of merit that there is no possibility of reversal. Advocates for Responsible Devt. v. W. Wash. Growth Mgmt. Hr'gs Bd., 170 Wn.2d 577, 580, 245 P.3d 764 (2010).

In this case, Greg persisted in his actions against an attorney and a judge without facts or law to support such claims. After losing in Okanogan County Superior Court, Greg then sued Rod and his family in a different jurisdiction rather than pursue an appeal of the Okanogan County action. Greg's appeal presents no debatable issues and is frivolous. Thus, subject to compliance with RAP 18.1, we award the respondents their reasonable attorney fees on appeal.

We affirm and award the respondents their attorney fees on appeal.

Mann, J.

WE CONCUR:

Feldman, J.

Bick, J.